WILLIAM ZADICK AND SAM WARTELSKY v. SCHAFER, SWARTZ & Co.

No. 6633.

1. **Fraudulent Attachment—Cause of Action.**—An attachment sued out upon a fictitious debt and causing damage to another creditor is a cause of action in favor of such injured party.

2. **Same—Case in Judgment.**—Attachments upon fictitious debts protracted litigation and delayed the distribution of funds realized upon the sale of an attached stock of goods. A subsequent attaching creditor entitled to a surplus which was consumed

by interest upon the prior attachments which were valid was held entitled to judgment for amount of such surplus which was lost by the delay.

3. **Prayer for Relief.**—A petitioner stating the facts constituting his cause of action and the amount of his claim, with prayer for general relief, is entitled to partial relief upon proving his case.

Appeal from Wise. Tried below before Hon. George McCall.

Appellants' brief gives the following statement of the nature and result of the suit. It is adopted, being correct:

This suit was instituted by appellees on the 6th day of December, 1884, against appellants and H. Prince & Co., Crane & Trenchard, N. & L. Wartelsky, T. R. Allen, sheriff, and H. L. Ward, clerk County Court of Wise County, Texas. And the same was brought as auxiliary to cause No.1135, brought by appellees against N. Wartelsky & Brother, in the District Court of Wise County, November 14, 1884. On the 6th of February, 1888, appellees filed their amended original petition. Appellants answered by general denial and general demurrer.

Defendant Ward filed an answer showing the condition and disposition of the funds, and alleging that he only held the money as custodian by virtue of his office as clerk of the court.

On February 6, 1888, the cause was tried, the appellees discontinuing as to Crane & Trenchard and H. Prince & Co., and a judgment was rendered for appellees against appellants Zadick and Sam Wartelsky for the sum of $574.18, and directing the amount when collected to be credited on judgment rendered for appellees against N. Wartelsky & Brother in cause No. 1135 in District Court of Wise County. Judgment was also rendered for Allen, Ward, and N. and L. Wartelsky.

The suit of appellees against N. Wartelsky & Brother was an attachment suit in District Court of Wise County, and said writ was levied subject to the one of H. Prince & Co., appellants, and others. The suits of Prince & Co., Lang, and other attaching creditors were in the County Court, where they secured judgment foreclosing their respective attachment liens, while the suits of Blankenship & Blake and appellees were in the District Court. Blankenship & Blake sued out an injunction against appellants and others, which was dissolved on motion of Sam Wartelsky, the judge in chambers requiring him to give a refunding bond, with which he complied, and received from the clerk, defendant Ward, the amount of his judgment, $852.10.

On final judgment in the District Court, after the case had been reversed and remanded by the Supreme Court, the injunction was perpetuated against Sam Wartelsky and others, and judgment rendered against him and sureties on refunding bond for $852.10, with interest from the time he received it, in favor of Blankenship & Blake. Appellant Zadick did not resist the injunction and received nothing. Afterwards appellees Schafer, Swartz & Co. brought this separate action against William Zadick, Sam.

Wartelsky, Crane & Trenchard, attorneys, H. Prince & Co., and the county clerk and sheriff of Wise County, charging them with fraud and conspiring together in bringing fictitious suits to hinder and delay the creditors of N. Wartelsky & Brother, alleging no specific damages, but asking for judgment for balance of their claim remaining unsatisfied after paying off the demands of prior attaching creditors of N. Wartelsky & Brother.

Defendants below answered, and on February 16, 1888, in the District Court of Wise County judgment was rendered for Schafer, Swartz & Co. against appellants Zadick and Sam Wartelsky for $574.18, appellees dismissing as to H. Prince & Co. and Crane & Trenchard. Other facts are given in the opinion.

*Graham & McMurray*, for appellants.

*Carswell & Fuller*, for appellees.

GAINES, ASSOCIATE JUSTICE.—On the 14th of November, 1884, sundry writs of attachment were issued against the property of the firm of Wartelsky & Brother and were successively levied upon a stock of goods belonging to the defendants therein. Among the attachments so issued and levied was one in favor of appellees for $2180. The levy of this attachment was the eighth in order. The seven previous levies were made by Sam Wartelsky, appellant; H. Prince & Co., William Zadick, appellant, who had two writs; Sanger Bros., I. Goldberg, and Blankenship & Blake, respectively. The goods were sold by order of the county judge, and the proceeds, amounting to $4431.05, were paid into the hands of the clerk.

Blankenship & Blake, whose suit was in the District Court, amended their petition, making Zadick, Sam Wartelsky, and H. Prince & Co. parties defendant, and alleged that their claims were fraudulent and fictitious, and that the County Court, by reason of the amounts in controversy, did not have jurisdiction in the two suits brought by Zadick, and prayed that claims of the parties named be postponed until their claim was fully paid from the proceeds of the attached property. Blankenship & Blake ultimately prevailed in their suit and obtained a judgment as prayed for

But for the attachments of appellants there would have been enough money realized from the sale of the goods to pay all the other attachments which were prior to appellees and to leave the sum of $574.09 applicable to the payment of their claim. By reason, however, of the delay caused by the litigation growing out of the levy of the appellants' attachments this surplus was ultimately absorbed by the accrual of interest on the claims which had a prior lien.

Under this state of facts appellees brought this suit against appellants Zadick and Wartelsky and H. Prince & Co., alleging that the claims upon which they sued out attachments were fraudulent and fictitious, and that

the attachments were sued out in pursuance of a conspiracy between them and Wartelsky & Brother to defraud the creditors of the latter. It was also alleged that Zadick's attachments and judgments were void, because the County Court did not have jurisdiction of his suits. The petition also averred that plaintiffs had been damaged by the alleged fraudulent attachments, and prayed a recovery to the amount of their debt. They recovered only $574.09.

It is complained in appellants' first two assignments that the judgment was without evidence to support it. We think, however, that the evidence was sufficient to warrant the trial judge in finding that the claims of both appellants were in part at least fictitious. Sam Wartelsky's claim, according to his own testimony, was for services rendered as clerk, first to his uncle, who was a member of the firm of Wartelsky & Brother, and subsequently to the firm. His testimony shows that he served the firm but a few months, and that they owed him on that account a small amount only. On the trial of the case he finally testified that the firm assumed to pay what his uncle owed him, but on two other occasions he testified as to the transaction without mentioning that important fact. He was the son of one member of the insolvent firm and the nephew of the other. His suit was for $835.

Zadick's suits were brought upon two promissory notes, one for $945.50 and the other for $981. He testified that the consideration of the notes was money lent by him at different times to the makers. Upon cross-examination he was unable to state any sum that he had lent them at any particular time. It was proved that at the time he pretended to have lent the money to this insolvent firm without security he was borrowing money from the bank at 18 per cent per annum interest. Neither member of the insolvent firm testified in the case.

That the notes of Zadick were fictitious and were executed by Wartelsky & Brother with the design of defrauding their creditors, and that the attachment was sued out in pursuance of an agreement to that effect, we think there can be little doubt. A part of Sam Wartelsky's claim may have been for a real indebtedness, but the evidence amply warranted the court in finding that the larger part was fictitious.

These parties went to the same attorneys and had their attachments issued at the same time. In their cases the defendants Wartelsky & Brother, in order to facilitate the judgments, accepted service and waived time. The claims of other creditors were delayed. We think the evidence sufficient to support a finding that the claims were fraudulent, and that the attachments sued out by appellants were issued in pursuance of an agreement between them and Wartelsky & Brother, and for the purpose of defrauding the latter's creditors.

It is complained that the judgment of the court is not responsive to the pleadings nor to the prayer of the petition. The petition alleges the facts

as they have been hereinbefore stated, and among other things prays for judgment against these appellants for any balance due upon their judgment after crediting any amounts otherwise secured by this suit, and for general relief. There were other parties defendants against whom judgments were asked, but they were dismissed from the suit. The plaintiffs' damage was not the loss of the whole judgment (which might have been recovered under the prayer had the evidence warranted such a judgment), but merely the amount they would have collected had the appellants not sued out their attachments and delayed the distribution of the money. The prayer of the petition we think broad enough to warrant such a recovery.

The case is unusual and novel and without precedent in this court. But that is no reason why relief should be denied if a wrong has been done and damages have resulted to the plaintiffs. The suing out of an attachment upon a fictitious debt for the purpose of placing the assets of an insolvent debtor beyond the reach of his creditors is a gross outrage upon their rights, and when the result of that action has been, as in this case, to deprive creditors of money which would have been collected but for the obstruction, the plainest principles of justice demand that the wrong-doers should respond in damages for the injury. That such an action will lie is held by the Supreme Court of Massachusetts in the case of Adams v. Paige, 7 Pickering, 542.

If the remedy was more frequently resorted to in this State it would have the effect to check a fraudulent practice that has become altogether too common in our courts.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered May 30, 1890.