J. E. BROUSSARD ET AL. V. SOUTH TEXAS RICE COMPANY.

No. 2079.    Decided November 9, 1910.

**Contract—Insurance by Bailee.**

 A rice milling company which during a course of dealing for years with a customer, a rice grower, had charged two cents per sack on all rice delivered it for milling for insurance on same, without explanation or agreement as to the amount of insurance to be carried, was presumed to have undertaken to insure it for its full value, and was liable to the customer to that amount for its loss by fire, though the insurance it obtained was only for such part of the value as could be purchased for two cents per sack. This inference and the resulting liability should be drawn from such course of dealing, when not otherwise explained to the customer, independent of proof of a general custom by millers to insure in such cases for the full value of the property.

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Jefferson County.

The rice company sued Broussard and others, rice millers, for the value of their property destroyed by fire in defendants' hands. Plaintiffs recovered judgment. Defendants appealed, and on affirmance obtained writ of error.

Plaintiff's claim for recovery was based on the issue of the existence of a contract by defendants to insure for full value, implied (1) from the course of dealing between the parties, or (2) from the general custom of rice millers in that locality. The jury found for plaintiff on the latter issue only, under instructions to designate the issue on which their finding was based.

*F. J. & R. C. Duff, Robert A. John* and *Taliaferro & Barry,* for plaintiffs in error.—The jury having failed to find for defendant in error on the first issue, and as the proof on same was conflicting, the Court of Civil Appeals erred in considering the evidence offered on said issue as establishing the right of defendant in error to recover on

same. The failure of the jury to find for defendant in' error on said issue ought to be considered as a finding in favor of plaintiffs in error, or at least that the case of defendant in error was not proved by the facts in evidence on said issue. Bringhurst v. The Texas Company, 39 Texas Civ. App., 500; Kinkler v. Junica, 84 Texas, 116; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 12.

The Court of Civil Appeals erred in finding, holding and concluding that "a contract to procure insurance would be implied by a charge for 'insurance,'" and in holding that this implication from the term "insurance" would mean a contract for full insurance. The word "insurance" printed in a blank form is not sufficient of itself to base a contract by implication, to any greater extent than the two cents would purchase. 30 Am. & Eng. Enc. Law, 80-81; Atwater v. Hannah, 116 Ga., 745; Zorn v. Hannah, 106 Ga., 61.

Where a party makes a charge for insurance he does not thereby become obligated as matter of law to carry full insurance irrespective of the fact that the premium charged was insufficient to pay for full insurance. 30 Am. & Eng. Enc. Law, 80-81; Boyd v. McKee, 99 Va., 72; Atwater v. Hannah, 116 Ga., 745; Zorn v. Hannah, 106 Ga., 61.

*Fleming & Fleming* and *Chenault O'Brien,* for defendant in error. —Appellants, from their course of dealings with appellee, in charging it, on every previous consignment as well as all others of their customers for ten years, the "two cents per sack" insurance, owed it a duty to insure, upon an implied contract; such facts being undisputed, they were liable to appellee for the value of the rice destroyed. And such liability was a conclusion of law for the court, without any verdict of the jury. Berthoud v. Gordon, Forstall & Co., 6 La., 579; Area & Lyons v. Milliken, 35 La. Ann., 1150; Gordon & Gomilla v. Wright & Clark, 29 La. Ann., 812; Miller v. Tate, 12 La. Ann., 160.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by defendant in error, the South Texas Rice Company, a corporation organized for the purpose of growing rice, against J. E. Broussard and others, his associates in the business of milling rice, to recover of the defendants the value of 1315 sacks of rice, which had been destroyed by fire while in the possession of defendants. The defense was that while the rice had been placed with the defendants for the purpose of being milled, that defendants had for the purpose of their own protection charged two cents per sack for the protection of their interest in the rice upon which they had a lien for advances and that they had insured the rice for enough to cover the indebtedness to them and had accounted to the plaintiff for the proceeds of such insurance.

The facts are, that the plaintiff had for a number of years taken their rice to the mill of the defendants to be milled. For each of the years the defendants charged a certain sum for the purpose of insurance. There was nothing to show whether the insurance was total or partial. The entry on the account rendered to the plaintiff was simply to charge it with two cents per sack for insurance. There

is no evidence that this was ever explained to plaintiff, from which it seems to us that the plaintiff was thereby induced to believe that it was the custom of the defendants to insure the rice placed with them for milling and for its full value.

The undisputed facts of the case are simply these: The agents of the plaintiff had for a number of years been accustomed to take its rice to the defendant's mill to be milled; during all this time defendant had charged them two cents per sack for insurance and had rendered the plaintiff an account in which two cents per sack was charged as an amount paid for insurance and the accounts were settled upon this basis. When the fire occurred by which the rice was destroyed it was found insured to the full amount which two cents per sack would pay, but unfortunately this was not enough to cover the entire loss. The contention of the plaintiff is that the previous charges of two cents per sack were presumably for the full value of the rice and that therefore it was induced to believe and did believe that the custom of the defendant was to insure the rice for its full value; and that if they failed to do so they became responsible to make good the deficiency. Area v. Milliken, 35 La. Ann., 1150; Vickery v. Lanier, 1 Met. (Ky.), 133; Thorne v. Deas, 4 John., 84; Smith v. Lasvilles, 2 Term Rep., 185; Ela v. French, 11 N. H., 356.

In Ela v. French, supra, the court holds that where it becomes the duty of a party to insure property and he fails to do so, the presumption is that the goods were to be insured for their full value. (See also Shoenfeld v. Fleisher, 73 Ill., 404.) Indeed, it is difficult to see how any other rule can properly be applied. To insure goods properly means to insure the entire thing and to its full value. Such being the undisputed facts of the case, it follows that a judgment in favor of the plaintiff is correct. The jury, it is true, did not find a verdict upon this ground, but upon the ground that there was a general custom among the rice mills near Beaumont to insure the rice of their customers at its full value, yet we think that no other verdict could have been properly found by them..

We are inclined to think that the evidence in the case was not sufficient to show a custom of the mills near Beaumont to insure their customers' rice at its full value; but we find it unnecessary to decide that question.

The judgment is therefore affirmed.

*Affirmed.*