MISSION AUTO CO. v. ALDAPE. (No. 6079.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1918.)

1. APPEAL AND ERROR ⬤�longdash664(3)—FINDINGS—STATEMENT OF FACTS—CONCLUSIVENESS.

Court's special finding, corroborated by decree that money tendered by plaintiff for repairs of automobile sought to be recovered had been deposited in court, will control over statement of facts that shows no money was deposited, since trial court knew judicially whether money was in court.

2. REPLEVIN ⬤�longdash103(4)—ALTERNATIVE JUDGMENT—PLEADING TO SUPPORT.

Allegations of value of automobile, $550, and allegations of its wrongful detention, in connection with general and special prayer for relief, would authorize decree awarding, if possession could not be restored, its value fixed at $300.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Garza Aldape against J. E. Foster and others, doing business under the firm name of the Mission Auto Company. Decree for plaintiff, and defendants appeal. Affirmed.

Victor Keller and Will Glover, both of San Antonio, for appellants. G. Woodson Morris and J. D. Dodson, both of San Antonio, for appellee.

SWEARINGEN, J. This is a suit by Garza Aldape against J. E., T. O., and F. A. Foster, doing business as partners under the firm name of Mission Auto Company, for the recovery of an automobile, alleged to be of the value of $550, wrongfully held by defendants, also for $150 damages, as well as costs incurred, and for an injunction restraining threatened sale of the auto. The cause was tried before the court without a jury, resulting in a judgment that the appellee, Garza Aldape, recover the automobile or its value, decreed to be $300, together with all costs, and granting the injunction.

The appellants answered that appellee was justly indebted to them for the reasonable value of the repairs made by them on the automobile. The amount claimed for repairs was tendered to appellants by appellee before suit was filed and was, after filing suit, deposited in court as a tender of payment.

The issue between the parties involved the version of the agreement in pursuance of which appellants obtained possession of the automobile and made the repairs thereon. That issue was determined, upon the evidence, by the court, in favor of the contention made by appellee. The evidence was sufficient to sustain the court's findings.

The four propositions submitted as pertinent to the first and second assignments assail the finding of the trial court to the effect that appellee had tendered the payment for repairs prior to the suit and had kept

the tender in force, and these propositions are disposed of by our statement that the evidence sustained the court's findings.

[1] The fifth proposition is that the finding of the court is in conflict with the statement of facts, in this: The court found that the amount of the repair bill was deposited in the trial court as tender of payment; whereas, it is insisted, the statement of facts reveals that no money was deposited in the court. The statement of facts discloses only a general inquiry of the court, which was answered in the negative by. the attorney for appellee. The court's special finding of fact that the money was deposited in court, which is also corroborated by the decree, we think, concludes inquiry upon that question, for the trial court knew judicially, without proof, whether or not the money was in court. Blum v. Stein, 68 Tex. 608, 5 S. W. 454.

We overrule the first two assignments.

[2] The third assignment assails the judgment upon the ground that the decree awarded the possession of the automobile to appellee or, if that could not be done, then awards the value thereof, fixed at $300, to appellee, for which alternative, recovery of the value, it is asserted, there was no pleading.

Appellee's pleading asks for all other relief, both general and special, to which in either law or equity he may have shown himself entitled. This prayer, in connection with the allegation of the value of the automobile, $550, and the allegations of its wrongful detention, supports the decree. Farrar v. Beeman, 63 Tex. 175; Zadick v. Schafer, 77 Tex. 501, 14 S. W. 153; Lee v. Boutwell, 44 Tex. 151.

There was no prayer for general relief in the case of Hogan v. Kellum, 13 Tex. 396, cited by appellant.

The third assignment is overruled.

The judgment is affirmed.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes