### FORREST et al. v. HULL. (No. 7244.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 10, 1924.)

1. **Evidence ☞271(19), 378(1)—Letter not shown to have been mailed or delivered, containing self-serving declarations of writer, properly excluded.**

Letter sought to be introduced by writer is properly excluded, where it contains self-serving declarations of writer, and where there is no evidence of its having been mailed and received.

2. **Appeal and error ☞204(2)—Admission of improper evidence without objection not reviewable.**

In action on note, where defense was payment, fact that third party was allowed to testify that plaintiffs charged him 10 per cent. per month on loan is not reviewable, where no objection was urged thereto.

3. **Appeal and error ☞882(9)—Parties cannot complain of admission of testimony, where they elicited repetition of it on crossexamination.**

Parties cannot complain of admission of testimony, where they drew same testimony and other facts in connection therewith from witness on cross-examination.

4. **Depositions ☞77—Not objectionable that envelope containing depositions was placed in another for mailing.**

Where notary taking deposition complied with requirement of Rev. St. art. 3660, as to matter appearing on envelope in which deposition was returned, objection that he inclosed it in another envelope for mailing is without merit.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by T. S. Forrest and others against A. O. Hull. From judgment for defendant, plaintiffs appeal. Affirmed.

Wilson & Wilson, of San Antonio, for appellants.

Hull & Oliver, of San Antonio, and Will Glover, of Uvalde, for appellee.

FLY, C. J. This is a suit instituted by appellants T. S. Forrest, J. W. Forrest, and John P. Forrest, a partnership doing business under the style of John P. Forrest Company, against appellee to recover on a note for $116.50, and on a check for $125, both executed by appellee. Appellee pleaded payment. The cause was submitted to a jury on two special issues. In answer to the two issues the jury found that the note and check had been paid off and discharged, and the court rendered judgment that appellants recover nothing by their suit and pay all costs of suit. The evidence is sufficient to show that appellee paid off and discharged the indebtedness evidenced by the instruments upon which the suit was based.

[1-3] There is no merit in the first, second, third, and fourth assignments of error. The letter written by appellants which was not allowed in evidence contained the self-serving declarations of appellants, and there was no evidence tending to show that it was ever mailed by appellants or received by appellee. It is complained that the court allowed P. T. Black to swear that he had borrowed money from appellants, for which he had paid at the rate of 10 per cent. per month for 10 months, the same amounting to $18.70 a month on $187. The notes of the stenographer attached by the court as a qualification of bills of exception 2, 3, and 4 show that no objection was urged to the statement as to 10 per cent. interest, and further show that appellants followed up the testimony objected to by drawing out of the witness Black all of the testimony objected to, and other facts in connection therewith. They are in no position to complain.

All of the testimony as to the injunction obtained by Black was withdrawn from the jury, except that an injunction had been issued. That action could not have injured appellants. Appellants first elicited from the witness the fact that Black owed Forrest Company, and that he was resisting payment.

[4] The requirements of article 3660, Revised Statutes, as to depositions, were substantially complied with. The court in qualifying the bill of exceptions found that the officer who took the deposition of J. C. Hull, Jr., in New Orleans, La., had not complied with the statute as to the matters appearing on the envelope in which the deposition was returned the first time, and the court permitted it to be withdrawn and returned to the officer in Louisiana, upon an agreement that it might be done by the parties to this suit. Under that agreement the notary public had certified that the answers of the witness were signed by him, and he had then sealed them up in an envelope with the commission and interrogatories and cross-interrogatories, and had written his name across the seal, and indorsed on the envelope the names of the parties to the suit and of the witness, had directed it to the clerk issuing the commission, and then had placed that

---

envelope in another envelope, and had addressed the package to the clerk of the court from which the commission had issued. The objection seems to be aimed at the fact that the deposition was put into two envelopes instead of one. There was a substantial, if not literal, compliance with the statute, and the objections are without merit.

The judgment is affirmed.