### WILSON v. PLACE. (No. 500.)

Court of Civil Appeals of Texas. Waco.
March 24, 1927.

**1. Pleading ⊜═53(2)—Petition seeking recovery on written contract for digging well and on quantum meruit held not contradictory, confusing, or repugnant.**

Petition to recover compensation for digging a well, seeking recovery if plaintiff had complied with contract and recovery if he had not so complied but well was of substantial value and defendant had used it, claiming named amount in event of either finding, *held*, when considered as a whole, neither confusing, contradictory, or repugnant.

**2. Action ⊜═45(4)—Distinct causes of action on contract and on quantum meruit, arising out of same transaction, are properly joined in one petition.**

Causes of action, technically separate and distinct, when arising out of same transaction, are properly joined in one petition, even though one cause is for breach of contract and the other for tort. or one is on express contract and the other on implied contract or quantum meruit.

**3. Appeal and error ⊜═882(8)—Defendant cannot complain of introduction of evidence on issues raised by pleadings, in which she participated and introduced evidence.**

In action to recover for digging a well, defendant having introduced evidence on issues of substantial compliance with contract requiring drilling of a straight' hole, whether defendant, knowing condition of hole, accepted it and whether well as drilled had value and defendant had used it or permitted its use, cannot complain of admission of evidence as to whether well drilled was practical, that it could be cased and used with a windmill, and that abundant water flowed from it.

**4. Contracts ⊜═322(2)—Testimony of defendant's tenant that he had drawn water from well held corroborative and admissible on issue whether hole drilled was straight.**

In action to recover for digging a well, testimony of defendant's tenant that he had gotten water out of the well for family use and use of stock *held* admissible as corroborative of his testimony of experience in operating the well and on issue of whether plaintiff complied with contract to drill a straight hole.

**5. New trial ⊜═44(3)—Refusal of new trial for alleged misconduct of jury in considering testimony withheld from them held, under facts, not abuse of discretion.**

In suit to recover on contract for drilling a well, refusal of new trial for alleged misconduct of jury in considering testimony withheld from them under court's instruction *held*, under facts, not abuse of discretion, in view of testimony that decision was reached before juror's remark that plaintiff ought to be paid for drilling a practical well was made.

Appeal from Coryell County Court; L. M. Stinnett, Judge.

Action by Frank Place against Mrs. R. T. Wilson. From a judgment for plaintiff, defendant appeals. Affirmed.

Tom Mears, of Gatesville, for appellant.

McClellan & Cross, of Gatesville, for appellee.

GALLAGHER, C. J. Frank Place, appellee herein, filed this suit against Mrs. R. T. Wilson, appellant herein, to recover compensation for drilling a well. The parties will be designated as in the trial court. Plaintiff alleged in one paragraph or count of his petition that he entered into a written contract with the defendant as follows:

"The said Place agrees to drill a second water well at $1 per foot. This is to be a 6-inch hole, unless he strikes a cave and has to case. Then he is to reduce the hole so he can enter the casing. This is to be a straight hole. The said Wilson agrees to give $1 per foot and furnish all necessary casing and pay for the water used in drilling."

He further alleged that he had performed said contract according to its terms; that said well was 400 feet deep; that, by reason

---

of his compliance with the terms of said contract, defendant became bound to pay to him the sum of $400 therefor; that she had paid him the sum of $25, and refused to pay the remaining $375. Plaintiff alleged in another paragraph or count of his petition that, if the court should hold that said contract bound him to drill a hole that was "gun barrel straight," he drilled said well to a depth of 400 feet; that second water was struck; that said well was such a hole as could be cased, piped, and used by windmill or pump or by bucket and rope; that it was a practical well for all practical purposes; that, after the same was completed, defendant used said well and permitted her renters to use the same, and thereby appropriated the same to her own use and benefit; that, by reason of the use and appropriation of said well, defendant became bound to pay him the reasonable value of his services in digging the same in the sum of $400; that she had paid him $25, leaving $375 unpaid. He prayed for judgment for the sum of $375 and for all other relief, general and special, in law and equity, that he might show himself entitled to receive under said petition.

Defendant denied that the well drilled by plaintiff was even in substantial compliance with said contract, and denied liability to plaintiff in any amount for drilling the same. She further alleged that she told plaintiff, at the time said contract was entered into, that the well must be a straight hole; that a crooked hole would not serve her purpose, as she intended at some later time to have it drilled deeper; that said well was therefore worthless to her. Plaintiff, by supplemental petition, alleged that defendant had accepted said well.

The case was tried before a jury. The court submitted two special issues as follows:

"(1) Was the well drilled by the plaintiff, Frank Place, a straight hole?

"(2) Did the defendant, Mrs. R. T. Wilson, knowing the condition of the hole, accept the well and appropriate the same to her own use and benefit?"

The jury was instructed to answer the second issue only in event the first issue was answered "No." The first issue was answered "Yes," and no answer to the second issue was returned. The court entered judgment upon the verdict of the jury in favor of plaintiff against defendant for the sum of $375, with interest from the completion of the well and for costs of suit. Defendant presents said judgment for review by this court.

### Opinion.

[1] Defendant complains of the action of the court in overruling her exceptions to plaintiff's petition. The exceptions so urged were addressed to the petition as a whole, and were, in substance, that the same was insufficient in law because plaintiff declared therein upon an express written contract and also on quantum meruit, that the allegations therein were repugnant, contradictory, and confusing, and that the same contained no alternative prayer for relief.

[2] Causes of action technically separate and distinct, when they arise out of the same transaction, are properly joined in one petition. Hudmon v. Foster (Tex. Com. App.) 231 S. W. 346, 347, 348. This rule applies though one of the causes of action asserted is for breach of contract and the other for tort. Hooks v. Fitzenrieter, 76 Tex. 277, 279, 13 S. W. 230; American Automobile Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534, 535. It also applies where one of the causes of action asserted is on an express contract and the other on an implied contract or quantum meruit. Fant v. Andrews (Tex. Civ. App.) 46 S. W. 909, 910; Broussard v. South Texas Rice Co. (Tex. Civ. App.) 120 S. W. 587, 588, 589, affirmed 103 Tex. 535, 131 S. W. 412, Ann. Cas. 1913A, 142; Morrison v. Bartlett (Tex. Civ. App.) 131 S. W. 1146, 1147. Plaintiff stated in separate paragraphs of his petition the grounds upon which he sought to recover in event it was found he had complied with his contract, and upon which he sought to recover in event it was found he had not complied therewith, but it was further found that the well he drilled was of substantial value, and that defendant had used or permitted the use of the same by her tenants and had thereby appropriated the benefits of his labor to her own use. The amount claimed, $375, was the same in the event of either finding. He prayed for judgment for the sum of $375 and "for all other relief, general and special, in law and equity" that he might show himself entitled to receive under his petition. Said prayer was equally applicable to either theory upon which he based his right to recover. Being for general as well as special relief, it was sufficient to sustain any judgment to which he was entitled under the allegations of his petition and the evidence adduced on the trial. Silberberg v. Pearson, 75 Tex. 287, 290, 12 S. W. 850; Zadick v. Schafer, Swartz & Co., 77 Tex. 501, 504, 505, 14 S. W. 153; Trammell v. Watson, 25 Tex. Supp. 210, 216. We do not think that the allegations in plaintiff's petition, considered as a whole, were in a legal sense either confusing, contradictory, or repugnant. While the measure of defendant's liability, in event it was found that she had used the well and appropriated the benefits thereof, was not correctly stated (see City of Sherman v. Connor, 88 Tex. 35, 41, 29 S. W. 1053; Harris County v. Campbell, 68 Tex. 22, 26, 3 S. W. 243, 2 Am. St. Rep. 467), no such objection was urged in any of the exceptions presented. Defendant's complaints here under consideration are overruled.

[3] Defendant complains that the court admitted over her objection testimony from

several witnesses, in substance, as follows: That the well drilled by plaintiff was a practical well; that it could be piped or cased to the bottom; that it could be used with a windmill; and that there was a strong and abundant flow of water. The substance of defendant's objections to said testimony was that the same was foreign to any issue that could properly be submitted to the jury under the pleadings, and was irrelevant and prejudicial to the rights of defendant. Whether plaintiff had complied substantially with his contract requiring him to drill a straight hole, whether .defendant, knowing the condition of said hole, had accepted the same, whether said well was of substantial value or worthless, and whether defendant had, since the same was drilled, used or permitted the use of the same by her tenant, were all issues raised by the .pleadings in this case. Plaintiff's contract required him to drill to "second water." We gather from the evidence that such second water was regarded as furnishing an abundant supply for all practical purposes. Plaintiff had a right to testify that he drilled to that depth and to corroborate his testimony on that issue by showing that the well furnished an abundant supply of water. Defendant's witnesses, in describing their efforts to examine the well to determine whether the same was a straight hole or not, testified affirmatively that they drew large quantities of water from said well and in doing so succeeded in lowering the water only about 150 feet from the top. The court, at the request of defendant, instructed the jury to disregard all evidence before them with reference to whether said well was a practical one and with reference to the amount of water furnished thereby. Some of the witnesses made the question of whether the well was a straight hole, as required by the contract, depend on whether it could be successfully cased. Defendant, on cross-examination of plaintiff, brought out an offer of compromise made by her to him, in which whether said well could be successfully cased and a windmill operated therein was made a controlling feature. Both plaintiff and defendant introduced affirmative evidence on these issues. Defendant participated in the introduction of evidence on these issues, and cannot now complain. Forrest v. Hull (Tex. Civ. App.) 267 S. W. 308; Mynatt v. Howard (Tex. Civ. App.) 273 S. W. 276; Texas Indemnity Ins. Co. v. Wilson (Tex. Civ. App.) 281 S. W. 289, 290, 291, and authorities there cited.

[4] Defendant complains that the court admitted, over her objection, testimony of the witness Winters, who was a tenant of defendant in possession of the premises where the well was drilled both before and after the drilling of the same, that, when he rented said premises, defendant agreed to drill a well for him, and that he had gotten water out of the well for family use and for his stock ever since the well was drilled. Plaintiff testified that, when. he had drilled said well to a depth of about 330 feet he and defendant examined said well, and that she then told him that it was all right and to go ahead and finish it, and that he did so, drilling the same to the final depth of about 400 feet. There is no evidence of any complaint of the straightness of the hole beyond said depth of 330 feet. Plaintiff further testified that there was no other well near where he drilled this one. The witness Winters not only testified to the facts complained of, but he further testified on the issue of whether the well was a straight hole or not that in his continued use of said well the passage to and fro of the bucket by which he drew the water indicated that the well was straight. He also testified in this connection that defendant instructed him not to use water from said well and that plaintiff gave him permission to do so. Defendant in her testimony assigned as her reason for stipulating that said well should be a straight hole and for her assertion that the same was worthless to her that she expected or intended at some future date to drill the same deeper. No one testified whether the well in question was such a well as could have been drilled deeper or not. The purposes for which the witness Winters drew the water from the well were explanatory and in a measure corroborative of his testimony concerning his experience in operating the bucket to and fro therein and the frequency of such operation, and admissible on the issue of whether the well was straight or not. While the court did not submit any issue with reference to an implied contract or quantum meruit, he did submit the issue of acceptance of the well by the defendant as above quoted. We think plaintiff was entitled to have the jury consider the testimony complained of, in connection with all the other facts and circumstances in evidence bearing on such issue, if an answer thereto became necessary under the court's charge. The admission of said evidence did not in any event constitute reversible error.

[5] Defendant sought a new trial in the court below on the ground of misconduct of the jury. She charged that the jury, in deliberating upon their verdict, discussed the evidence to the effect that the well drilled by plaintiff was a practical well and furnished an abundant supply of water, notwithstanding the court had instructed them not to do so. Five of the jurors who sat in said case were examined on the hearing of defendant's motion for new trial. They all testified, in substance, that, immediately after retiring to consider their verdict, and without discussing the evidence, they took a vote on whether the well drilled by plaintiff was a straight hole, and that the vote was unanimous for an affirmative answer to said issue. They all further testified that

they did not consider the excluded testimony in arriving at their verdict on such issue. This issue, if answered in the affirmative, was the only issue which they were required to answer and the only one they did answer. It seems from their testimony that there was some delay in securing an officer to return them into court to deliver their verdict, and that during such delay some of the jurors suggested that the evidence showed the well furnished an abundant supply of water, and that plaintiff ought to be paid therefor. Other jurors testified that they did not hear said remarks. All of them denied that the verdict returned was in any way affected thereby. The court heard all the evidence on this issue and denied a new trial. We do not think he abused his discretion in doing so. City of Fort Worth v. Charbonneau (Tex. Civ. App.) 166 S. W. 387, 389; Houston Electric Co. v. Pearce (Tex. Civ. App.) 192 S. W. 558, 560, 561; Andrews v. York (Tex. Civ. App.) 192 S. W. 338, 339; H. & T. C. R. Co. v. Gray (Tex. Civ. App.) 137 S. W. 729 (writ refused); Wolfe & Co. v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 144 S. W. 347 (writ refused); Virginia Fire & Marine Ins. Co. v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 173 S. W. 487 (writ refused); M., K. & T. Ry. Co. v. Brown (Tex. Civ. App.) 140 S.·W. 1172. The jurors, in the case of Payne v. Smith (Tex. Civ. App.) 266 S. W. 441, cited by defendant, testified that they considered the matters which the court instructed them not to consider and that the verdict returned was affected thereby.

The judgment of the trial court is affirmed.