**CREE et al. v. CLUCK et al.**

No. 6165.

Court of Civil Appeals of Texas. Amarillo.

Oct. 1, 1951.

Rehearing Denied Oct. 29, 1951.

———◆———

Strasburger, Price, Kelton, Miller & Martin, Dallas (Royal H. Brin, Jr., Dallas, of counsel), for appellants.

Frank Tatum, Dalhart, Sanders, Scott, Saunders & Smith, Amarillo, for appellees.

MARTIN, Justice.

Appellees, J. C. Cluck, D. G. Cluck, S. R. Cluck, Darrell S. Cooper, Coy Holt and T. K. Winter, brought suit in Hansford County, Texas, against appellants, George B. Cree, Jr., William R. Cree and Roy M. Hall. In appellees' petition it is alleged that appellants had set fire to trash and refuse near a drilling rig while a severe wind was blowing and thereby caused a fire that burned across appellees' lands and destroyed the native turf, roots and sod and permanently injured and damaged appellees' lands which lay in Hansford County other than a small part thereof lying in both Hansford and Sherman Counties.

Appellants were residents of Gray County and by plea of privilege sought to remove the suit to the county of their residence. Appellees relied on Exception 14, Art. 1995, Vernon's Annotated Civil Statutes, to retain venue in Hansford County, Texas. On trial of the plea of privilege the appellees introduced in evidence their original petition and controverting affidavit and proved that all of the land lay in Hansford County other than two sections which lay partly in Hansford County and partly in Sherman County, Texas.

Appellants in their brief state that their five points of appeal are all treated together in the brief as they involve essentially the same legal question. This legal question is whether in a suit for damage to land proof of venue under Exception 14 is sustained by introduction of plaintiff's petition showing the nature of the suit and by proof that the land, or a part thereof, lies in the county where the suit is filed. On this issue the appellants contend that the appellees should have gone further than the introduction of their petition, controverting affidavit and proof of location of the land in Hansford County and made out a prima facie case as to the cause of action, as to damage to the land, ownership of the land in appellees and other elements.

Citations of authority from various Courts of Civil Appeal are given in support of the contentions of both appellees and appellants. The rulings of the Courts of Civil Appeal have not been uniform but the more recent authorities support the appellees' position in this cause. The Supreme Court as to recent rulings on this issue by Courts of Civil Appeal has denied petitions for writs of mandamus. As to the divergent rulings on this issue by the Courts of Civil Appeal, if the final decision rested in this court only one Exception 14 to Article 1995 is found in the statutes and under this exception one of the "venue facts" is "the nature of the suit" and this is equally true whether the suit is a "suit[s] for the recovery of lands or" is a suit for "damages thereto." The nature of either type suit can be determined by an examination of the petition filed in the cause.

But the final decision does not rest here on the issue in the cause as the Supreme Court has clearly laid down the rule which should settle any controversial opinions on the issue.

The Supreme Court in Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69, 71, ruled as follows: "What a plaintiff must allege and prove in order to maintain his suit in a county other than that of defendant's domicile, over the latter's proper protest, has been denominated 'venue facts' and defined as 'those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition.' Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, 93." The Supreme Court further ruled in Cowden v. Cowden, supra: "Applicable provisions of exception 14 which appellant invokes to maintain his suit in Midland county are: 'Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie.' So the venue facts he had to establish were but two, namely, (1) that his was a suit for recovery of land and for damages thereto and (2) that a part of the land lay in Midland county. * * * Appellant's pleadings showed that he was suing to recover lands and for damages thereto. The proof showed that a part of the land was situated in Midland county. Therefore, as to the part so situated, he had done all that the law required him to do to defeat the plea of privilege."

The above quotation should be sufficient but it is noted that in Cowden v. Cowden, supra, the issue was still further limited in that there was filed in the cause a disclaimer as to the land in Midland County along with the application for a change of venue. In ruling on the effect of the disclaimer of title as to venue, the Supreme Court said: "If the defendants had any rights as to title and possession they could waive them, which they did by filing their disclaimer. Here appellant seeks also damages and rents, which are constituent elements of a cause of action in trespass to try title. Art. 7366, R.S.1925. As to appellee they were liabilities, so they were unaffected by the disclaimer and appellant's cause of action as to lands in Midland County survived it, and the trial court should have retained jurisdiction in so far as the case involved that land." It would appear to be a sound view that this rule would be even more applicable in a case where the cause of action was actually pleaded specifically for damage to land rather than by formal trespass to try title pleadings.

The appellees, by introduction of their petition showing a suit for the recovery of damage to lands and by proof of the location of the lands, or a part thereof, in Hansford County, met the proof required of them to establish venue in Hansford County, Texas, under Exception 14, Article 1995, Vernon's Annotated Civil Statutes, and the judgment of the trial court is affirmed.