## WARD & McCULLOUGH v. MOBLEY et al.
### No. 15358.

Court of Civil Appeals of Texas.
Fort Worth.
June 27, 1952.

Rehearing Denied Sept. 12, 1952.

Dawson, Jones, Parish & Fillmore, and Nelson & Sherrod, Wichita Falls, for appellant.

O. R. Tipps, Wichita Falls, Donald & Donald, and T. B. Coffield, Bowie, for appellees.

RENFRO, Justice.

This is an appeal from an order of the District Court of Montague County overruling plea of privilege of the defendants to be sued in Wichita County. The suit is one brought by Don Mobley, Howell Smith, P. E. Boedeker and Paula Boedeker against L. H. Ward and L. H. McCullough, and Ward & McCullough, a co-partnership, for damages to personalty and realty resulting from a grass fire alleged to have been caused by defendants in the operation of a drilling rig. Controverting plea was filed by the plaintiffs under Subsection 9 and Subsection 14 of Article 1995, Revised Civil Statute, Vernon's Ann.Civ.St. art. 1995, subds. 9, 14.

The appellant's points of error contend (a) the court allowed plaintiffs to rely upon the doctrine of res ipsa loquitur in the absence of pleadings of said doctrine; (b) the court presumed negligence from the fact there was a fire; and (c) plaintiffs Mobley and Smith sued only for damages to personalty and it was error of the court to overrule defendant's plea of privilege

as to said two plaintiffs in the absence of a showing that defendants committed a "crime, offense or trespass" in Montague County.

In the petition, which was made a part of the controverting affidavit, the Boedekers claimed damages for destruction by fire of grass, turf, fences and dwelling house. Smith was running several hundred head of cattle on some of the Boedeker land and claims damages to his cattle by reason of the loss of the grass. Mobley sued for loss of household goods and furniture.

 Damage to the fences, turf and the dwelling must be considered damage to the land. Wilson v. Pecos & N. T. R. Co., 23 Tex.Civ.App., 706, 58 S.W. 183; Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856; Hoover v. Horton, Tex. Civ.App., 209 S.W.2d 646.

Plaintiffs introduced evidence showing damage to the land and the personalty by the fire and that the land damaged and the other property damaged or destroyed were situated in Montague County. The petition shows the nature of the Boedekers' claim to be damage to land, and since the testimony showed damages to land and proved the location of said land to be in Montague County, the Boedekers did all that was required of them to establish venue in Montague County under Subsection 14 of Article 1995. Cree v. Cluck, Tex.Civ.App., 246 S.W.2d 337; Cox v. Chapa, Tex.Civ. App., 188 S.W.2d 217; Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688; Longhorn Trucks, Inc., v. Bailes, Tex.Civ.App., 225 S.W.2d 642; Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

We are of the opinion that plaintiffs Smith and Mobley, as well as the Boedekers, established venue in Montague County under Subsection 9 of the venue statute. While there was no direct evidence as to how the fire started, there is strong circumstantial evidence that the fire started from the rig being operated by the defendants. Venue facts can be established by circumstantial evidence. Strain v. Martin, Tex.Civ.App., 183 S.W.2d 246; Davis v. Bailey, Tex.Civ.App., 187 S.W.2d 412.

No requests were made of the trial court for findings of fact and conclusions of law and none were filed. In the absence of such findings, it must be presumed that the trial court found the necessary facts raised by the pleadings and the evidence in support of its judgment. Construction & General Labor Union, Local No. 688, v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Broussard v. L. Cartwright Realty Co., Tex. Civ.App., 179 S.W.2d 777; Kimbell Milling Co. v. Greene, 141 Tex. 84, 170 S.W.2d 191.

We have examined the rather lengthy statement of facts and considering the evidence in the light most favorable to the plaintiffs, as we must do under the trial court's presumed findings, we find sufficient evidence to uphold the action of the court in holding that, for venue purposes, a trespass was committed by the defendants against the plaintiffs in Montague County. Hamilton v. Jenkins, Tex.Civ. App., 235 S.W.2d 195.

The order of the trial court overruling the plea of privilege of the defendants is affirmed.