JOY et al. v. JOY et al.

No. 15402.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 23, 1953.

Cedric G. Hamlin and Donald G. Gay, Dallas, for appellants.

Donald & Donald and T. B. Coffield, Bowie, for appellees.

BOYD, Justice.

This is an appeal from a judgment of the District Court of Montague County overruling pleas of privilege. Appellees, Martin A. Joy, Jr., acting by and through Marvin F. London, his guardian, and his wife, Mary Helen Joy, filed this suit against W. B. Joy, Donald G. Gay and Cedric G. Hamlin and wife, Alice J. Hamlin, praying for judgment for title and possession of 53 acres of land, for the removal of clouds on title to the land, for writ of possession, for damages, and for rents. It was al-leged that the land involved is situated in Montague County.

Appellant W. B. Joy filed a plea of privilege to be sued in Kaufman County, the county of his residence, and the other appellants filed their respective pleas of privilege to be sued in Dallas County, the county of their residences. Appellees filed their controverting affidavits, alleging that this was a suit for recovery of land, to remove encumbrances and clouds on the title to the land, and was therefore necessarily maintainable in the District Court of Montague County under subsection 14, art. 1995, R.C.S. Upon a trial of the pleas of privilege, the court overruled all said pleas.

Appellants contend that a proper construction of plaintiffs' petition discloses that this is a suit for specific performance of a contract to convey land, and is not a suit for land under subsection 14.

Appellees alleged that Martin A. Joy, Jr., and the defendant, W. B. Joy, were the only heirs at law of M. A. Joy, Sr., deceased; that Martin A. Joy, Jr., is a non compos mentis with a duly qualified guardian of his person and estate; that in August, 1950, Martin A. Joy, Jr., and the defendant, W. B. Joy, entered into an oral agreement in the nature of a partition of property, whereby it was agreed that the said Martin A. Joy, Jr., as a part of the estate to which he was entitled, would receive the fee simple title to the tract of land involved in this suit; they further alleged, as follows:

"V. That by reason of such oral agreement so made, as aforesaid, the Plaintiff, Martin A. Joy, Jr., and his wife, Mary Helen Joy, entered into actual possession of said land and premises, commenced to occupy the same as their homestead and began to assert fee simple dominion over such property, using, cultivating, and enjoying the same as their home, accepting the same, and expecting that such property would be finally awarded as their fee simple property, and they immediately began, after having such agreement, as aforesaid, to make im-

provements, and from time to time constructed various improvements, as they desired to said premises to the extent of $7,500 or more, and now claim such property as the separate property of said Martin A. Joy, Jr., which is now outstanding in name of Mary Helen Joy, in trust, and they here and now accept said property in fee simple including all minerals at the valuation set forth in a certain Inventory and Appraisement now on file in re Administration of said Estate in Kaufman County, Texas, at the sum of $3,060.

"VI. These Plaintiffs say that notwithstanding the Plaintiffs' rights to receive said land as above described as his fee simple estate, and the fact that Plaintiffs, Martin A. Joy, Jr. and Mary Helen Joy have been using same as their own homestead, cultivating and enjoying same in fee simple, these Plaintiffs now say that the Defendants are claiming that said Martin A. Joy, Jr. has executed some sort of a contract whereby the said Martin A. Joy, Jr. has permitted cerain mineral interests to be reserved by W. B. Joy, Cedric G. Hamlin, and Donald G. Gay, in said land, as herein described, all of which was done while the said Martin A. Joy, Jr., was known to each of them to be mentally incapacitated and same are, therefore void, but regardless constitute a cloud on the title to said land; that all of such purported instruments and claimed contracts are without consideration and void.

"VII. That on or about March 20, 1952, the Defendants unlawfully entered upon said land and premises, as above described, and have dispossessed the Plaintiffs of their property rights to the damage of Plaintiffs in the sum of $3,060 original price at which property was accepted by Plaintiff, and the further sum of $7,500.00 in improvements erected in good faith while claiming said property, and which took place as a result of the agreement so had, and in this connection Plaintiffs say that they had been in possession for more than one year prior to defendants' act of unlawfully dispossessing Plaintiffs to their damage in the sum of $10,560.00, as herein set forth.

"VIII. That the Defendants are claiming some right or interest under various instruments filed of record in Montague County, Texas, all of which are without force and effect, because no valid consideration exists to support, for in fact none was ever paid, and such instruments, if signed by Martin A. Joy, Jr., was so procured at a time when he, the said Martin A. Joy, Jr., was mentally incompetent to transact any such business, and the Defendants each well knew such to be a fact, or by use of reasonable diligence knew or should have known such to be a fact, and Plaintiffs say that such claims of Defendants be decreed as mere clouds on Plaintiffs' title, and removed."

It was alleged that appellant Alice J. Hamlin claimed some interest in the land under a conveyance from Cedric G. Hamlin. Appellees further alleged that appellant W. B. Joy procured a deed from appellee Martin A. Joy, Jr., to the Joy home place in Terrell; that the appraised value of the home place was $7,666 and that W. B. Joy is using the furniture in said home, which is valued at $2,000, " * * * thus making a total of $9,666.00 in value as against $3,060.00 appraised value of farm which Martin A. Joy, Jr. took possession of under oral agreement as herein set forth, * * * "

Upon a hearing of the pleas of privilege, W. B. Joy testified that he and Martin A. Joy, Jr., were the only children of M. A. Joy, Sr., deceased; that he, W. B. Joy, in December, 1950, had given to Martin A. Joy, Jr., a deed to the 53 acres described in plaintiffs' petition; that he moved into their father's home place at Terrell "permanently" in the spring of 1950; that he did not pay rent for the use of the property; he knew that Martin was making improvements on the 53 acres in Montague County; and that he, W. B. Joy, was administrator

of his father's estate. It was stipulated, "* * * that the land described in plaintiff's petition and involved in this suit is located in Montague County, Texas, and that said land was a part of the estate of M. A. Joy, Sr., at the time of his death on August 14, 1949, and was on record in his name on the Deed Records of Montague County, Texas, at such time."

The trial court found, "* * * from allegations of Plaintiff's Petition, and from admissions of parties made in open Court, and from competent evidence introduced, that this cause of action is one primarily for title to land situate in Montague County, Texas, that such land was owned by M. A. Joy during his lifetime and at his death; that he died August 14, 1949, leaving W. B. Joy and Martin A. Joy, Jr., as his sole and only heirs at law, * * * that Martin A. Joy, Jr., went into possession of the land which he seeks to recover in this suit and W. B. Joy went into possession of real property situated in Kaufman County, Texas; that this is a suit to recover land and to remove cloud from and to quiet, title thereof, and that said land is situated and located in Montague County, Texas."

■ It is well settled that a suit for specific performance of a contract to convey land is not a suit for the recovery of land which, under subsection 14, art. 1995, R.C.S., must be brought in the county in which the land, or a part thereof, may lie. Burkitt v. Wynne, 62 Tex.Civ.App. 560, 132 S.W. 816; Garrison v. Stokes, Tex.Civ.App., 151 S.W. 898; Ballard v. Ellerd, Tex.Civ.App., 199 S.W. 305; O'-Quinn v. Dunagan, Tex.Civ.App., 227 S.W.2d 366.

■ But we believe the petition is sufficient to show that this is a suit for the recovery of land, and to remove encumbrances upon the title to land, and therefore maintainable in the county where the land lies. We have set out at some length the allegations of the petition, because where it is shown that the land lies in the county where the suit is instituted, the only other venue fact is that the suit is one for the recovery of land, or to remove en-cumbrances therefrom, and the character of the suit will be determined from the petition. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69; Galindo v. Garcia, Tex. Civ.App., 222 S.W.2d 477; Texan Development Co. v. Hodges, Tex.Civ.App., 237 S. W.2d 436; Galbreath v. Farrell, Tex.Civ. App., 221 S.W. 1015; Ward & McCullough v. Mobley, Tex.Civ.App., 250 S.W.2d 948. Where the suit is for the recovery of land, or to remove encumbrances therefrom, it is immaterial that additional recoveries are sought other than those enumerated in subsection 14. Stephenville Production Credit Ass'n v. Rockwell, Tex.Civ.App., 250 S.W.2d 476; Ward & McCullough v. Mobley, supra.

The judgment of the trial court is affirmed.