**ALSTON v. HARMON et al.**

No. 12594.

Court of Civil Appeals of Texas. Galveston.

July 16, 1953.

Rehearing Denied Oct. 1, 1953.

Cutrer & Cook, Thomas Burrus, Houston, for appellant.

Biggers, Baker, Lloyd & Carver, Ralph D. Baker, Dallas, Alan Griswood, Dallas, of counsel, for appellees.

GRAVES, Justice.

This is a plea of privilege case.

This much as to the nature and result of the suit below, as well as of the appellant's first point of error on his appeal to this Court, is taken from his brief: "This suit was brought by appellant, T. F. Alston, against appellees, Benson J. Harmon and W. B. Doan, in the District Court of Harris County, Texas, for the recovery of * * * personal property, damages, an accounting, and in the alternative a permanent injunction and the cancellation and recission of a certain instrument, whereby appellant and his wife, Barbara B. Alston, sold, transferred and assigned to said appellees, all of their real and personal property, except certain exempt property, in trust for payment of appellant's debts, upon the grounds that appellees were guilty of fraud and misconduct in connection with their duties as Trustees.

"Appellee Benson J. Harmon filed a plea of privilege under oath to be sued in the county of his residence, to-wit, Dallas County, Texas.

"Appellant filed his controverting plea under oath, alleging that his cause of action came within subdivision 14 of Article 1995, Revised Civil Statutes of Texas, and therefore he was entitled to maintain the suit in Harris County.

"Hearing was had upon * * * appellee's plea of privilege, and the Court ordered that this cause be removed from the District Court of Harris County, Texas, to the 134th Judicial District Court of Dallas County, Texas. * * *.

"First Point of Error
"The trial court erred in sustaining appellee Benson J. Harmon's plea of privilege because the undisputed evidence shows that this was a suit to recover land, to remove an encumbrance upon the title to land, and to quiet title to land; and the undisputed evidence shows that part of the land in controversy is located in Harris County, Texas."

In their answering brief, the appellees, among others, make these recitations:

"The court's attention is called to the fact that the point of the controversy relates to whether or not this is a suit to recover land.

"Appellee further states that the basis of the controverting plea is Section 14, of R.S. Article 1995, and is the only exception pleaded. * * *

"The contention of the appellees is that this is not a suit to recover land, further there is no sufficient pleading of a suit for recision or fraud, or misconduct.

\* \* \* \* \* \*

"First Counter-Point

"The action of the Trial Court in sustaining the Plea of privilege of Appellee Benson J. Harmon was proper because the allegations of Appellant's petition and the evidence show conclusively that this is not a suit to recover land, to remove an incumbrance upon the title to land, and to quiet title to the land.

"Second Counter-Point

"The action of the Trial Court was correct in sustaining the Plea of Privilege since the allegations of Appellant were not legally sufficient to show that the suit was to recover land, there being no pleading of trespass to try title, ejectment, or \* \* to quiet title (to land)."

This Court concludes that the appellant is right about it, and that the court's order sustaining the plea of privilege was erroneous.

It is true, as the appellees assert in their quoted Second counter-proposition, that appellant made no direct count in trespass to try title or otherwise to recover land directly, and, standing alone, it might be conceded that the allegations of appellant were not legally sufficient to show that the suit was to recover land eo nomine; but it by no means follows that they were not sufficient as a basis for an action to quiet the title to or remove a cloud from the title to their land, as appellees' second point further avers. It is further true that apparently the appellant's major cause of action was the recovery of damages in money, but it seems to this Court that there is no doubt that his further objective was to quiet the title to the land, and remove clouds therefrom, within the detailed provisions of Subdivision 14 of Article 1995, Revised Civil Statutes of Texas, which appellant particularly invoked.

Indeed, appellant's original petition— while not containing, as the appellees as-sert, direct or technical allegations in trespass to try title—did plainly disclose as its primary purpose the removal of encumbrances and clouds upon their title, and to quiet the same thereby.

It is further apparent from the record, inclusive of the statement of facts, and in the pleas by which the issue was joined upon this plea of privilege hearing, that at least one of the two tracts of land herein involved was located in Harris County, Texas; so that, under our practice, there were only two questions before the trial court, the first one being the nature of the suit, which was a question of law to be determined from the allegation of the plaintiff's petition, and the second one being the location of the land, which was a question of fact; and that, as just recited, was settled in favor of the appellant here by the undisputed showing that part of the land involved, at least, was in Harris County. Texan Development Company v. Hodges, Tex.Civ.App., 237 S.W.2d 436; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930; Cree v. Cluck, Tex.Civ.App., 246 S.W. 2d 337.

These cases, closely paralleling the facts on the question under consideration, are cited as supporting the holding thus made: Boger v. Moore, Inc., Tex.Civ.App., 196 S.W.2d 646; Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688; Stuart v. Herman, Tex. Civ.App., 157 S.W.2d 939.

These further authorities are also cited in support of the conclusions stated: J. M. Radford Grocery Company v. Duncan, Tex. Civ.App., 67 S.W.2d 463; Rado Refining & Producing Co. v. Lucas, Tex.Civ.App., 93 S.W.2d 613; 43 Tex.Jur. 820.

This further statement of the rule announced is quoted from the case of Campbell v. Burford Oil Company, Tex.Civ.App., 201 S.W.2d 100, 101, to wit: "The construction of the contract on its merits may be necessary on final trial to entitle plaintiffs to the relief sought, which frequently exists in the character of litigation enumerated in Subdivision 14, supra, but such fact does not change the nature of the suit, evident in its pleadings, from an action to

remove cloud from title. Hays v. Mc-Kemie, Tex.Civ.App., 185 S.W.2d 484."

Without further discussion, the trial court's judgment so sustaining the appellees' plea of privilege will be reversed, and the cause in that respect will be rendered in favor of the appellant.

Reversed and rendered.

MONTEITH, C. J., not sitting.