Jesse **DENNETT**, Appellant,

v.

Catharin Ewing **BRYAN** and B. F. Bryan, Appellees.

No. 3354.

Court of Civil Appeals of Texas.

Waco.

May 31, 1956.

Rehearing Denied July 2, 1956.

Cox, Wagner, Adams & Wilson, Chas. D. Kennedy, Brownsville, for appellant.

R. D. Tarlton, William M. Bloch, Eugene Goldgar, Corpus Christi, for appellees.

TIREY, Justice.

Appellant, defendant below, has perfected his appeal from an order overruling his plea of privilege to be sued in Cameron County, Texas, the county of his residence. The case was tried without the aid of a jury and there was no request for findings of fact and conclusions of law and none filed.

The judgment is assailed on two points: (1) The plea of privilege should have been sustained because plaintiffs' petition does not clearly show a suit whose primary object is to recover land or quiet title to land in Jim Wells County, Texas; (2) the plea of privilege should have been sustained because plaintiffs' petition shows a suit to recover damages for fraud in the sale of Cameron County land and is not a suit to recover land or to quiet title to land located in Jim Wells County (a) the primary object of a suit is determinative of whether it is a suit to recover land or quiet title to land (b) in a case of doubt as to whether suit is within subdiv. 14, Art. 1995, V.A.C.S., the doubt must be resolved against the exception and in favor of the general rule of venue.

Appellees counter with one point and that is: The trial court correctly overruled appellant's plea of privilege in that appellees' petition clearly shows that this is a suit for the recovery of land and thus within subdiv. 14, Art. 1995, V.A.C.S.

A statement is necessary.

There is no Statement of Facts and we note the following stipulations:

"Be it remembered that on the trial of the Plea of Privilege filed by the Defendant Jesse Dennett, Plaintiffs' Controverting Affidavit and Defendant's Reply thereto, held on the 26th day of October, 1955, all of the facts given in evidence and all of the evidence adduced were as follows:

"1. The Plaintiffs, Catharin Ewing Bryan and B. F. Bryan, through their attorney of record, stipulated and agreed in open Court that they waived that portion of their Controverting Affidavit seeking to maintain venue in Jim Wells County, Texas, under Subdivision 7 of Article 1995, V.A.C.S., and would rely solely upon Subdivision 14 of Article 1995, V.A.C.S., to sustain venue in Jim Wells County, Texas.

"2. The Defendant, Jesse Dennett, through his attorney of record, stipulated and agreed in open Court that the North 90 feet of Lot No. 12, and all of Lots Nos. 13 and 14, Block No. 1 of the original townsite of Alice, Jim Wells County, Texas, together with improvements thereon, was at all times material hereto situated and located in Jim Wells County, Texas, and that on or about May 16, 1955, the Plaintiffs, Catharin Ewing Bryan and B. F. Bryan, executed a deed conveying the above de-

scribed premises to the Defendant, Jesse Dennett.

"The parties to the above entitled and numbered cause through their attorneys of record hereby agree that the above and foregoing one page of typewritten matter is a true and correct statement of all of the facts given in evidence and of all of the evidence adduced in the trial of said cause upon the Plea of Privilege of the Defendant, and that the same constitutes the Statement of Facts therein."

As above stated, this appeal involves a suit that was filed in Jim Wells County. The appellees' original petition alleged in effect that they were fraudulently induced to convey certain of their real property located in Jim Wells County for certain of appellant's real property located in Cameron County. At the hearing on the plea of privilege plaintiffs waived any right to venue under subdivision 7 of Art. 1995, V.A. C.S., and relied solely on subdivision 14 of such Article.

The stipulation also shows that the land and the improvements thereon that appellees alleged they transferred to appellant are located in the County of Jim Wells, State of Texas.

Going back to the pleadings, Paragraph III describes certain real property situated in Jim Wells County, the county wherein plaintiffs seek to maintain venue, owned by plaintiffs prior to the transaction complained of, and certain real property situated in Cameron County, owned by defendant, also prior to the transaction complained of.

Paragraphs IV through VIII state the allegations of fraud practiced on the plaintiffs inducing them to enter into a contract with defendant, which said contract fraudulently caused plaintiffs to convey to defendant the plaintiffs' real property located in Jim Wells County, and describes the terms of the transaction fraudulently procured by defendant.

We quote Paragraphs IV, V, VI, VII and VIII:

"IV. That for the purpose of inducing plaintiffs to purchase said property, defendant made to plaintiffs, in Jim Wells County and elsewhere, during the period between March 24, 1955 and April 20, 1955, both dates inclusive, false and fraudulent representations concerning defendant's said property situated in Cameron County, defendant well knowing such representations to be false. That such representations were as follows: That all of said land was farmable and had been in cultivation, except about five or six acres of salty land; that the soil on defendant's said property in Cameron County was as good of irrigated farm land as could be found in Cameron County, Texas; that said soil, except for a small area of five or six acres, was not salty nor of high saline content, and that said soil was capable of producing as good a crop as could be grown on any irrigated land in Cameron County, Texas; that defendant's land in Cameron County, Texas, above described, was within the boundaries of a Water Improvement District in Cameron County, Texas.

"V. That each of said representations was wholly and in every respect false; that in truth and in fact less than 300 acres of said 745.56 acres had ever been placed in cultivation, and more than 400 acres of said 745.56 acres had never been cultivated by the defendant; that the portion of defendant's lands that had been cultivated by defendant was not productive of crops comparable to those grown on good irrigated Cameron County farm land; that in truth and in fact the land was salty, and the soil contained such a substantial saline content that defendant had been advised against placing a substantial part of his lands in a state of cultivation, such advice having been obtained by defendant as a result of a soil analysis

conducted with respect to the soil of defendant's said lands by persons employed by defendant for such purpose; and that in truth and in fact said land was not within the boundaries of a Water Improvement District in Cameron County.

"VI. That plaintiffs were wholly unfamiliar with matters pertaining to soil conditions in Cameron County, Texas; that such matters with respect to salty soil can be determined only by persons having technical experience and technically trained in connection with such matters and using technical equipment and techniques for determining the salty content of soil; and that plaintiffs placed full confidence in the representations made to them by defendant, which were material, and plaintiffs relied wholly upon such representations of defendant.

"VII. That in reliance upon said representations, plaintiffs, on April 20, 1955, entered into a contract with defendant for the purchase of defendant's said real property in Cameron County, Texas, a full, true and correct copy of said contract being hereto annexed, marked Exhibit A, and incorporated herein by reference; and had it not been for such representations and their reliance thereon, plaintiffs would not have entered into such a contract with defendant.

"VIII. That pursuant to the terms of said contract, plaintiffs on May 16, 1955, paid to defendant the sum of $45,751.00 in cash, and gave to defendant their vendor's lien note secured by said property in Cameron County, Texas, which was conveyed to plaintiffs on May 16, 1955, said note being in the amount of $57,000.00; and for the balance of the consideration for defendant's Cameron County lands plaintiffs conveyed to defendant the real estate theretofore owned by plaintiff Catharin Ewing Bryan, being the North 90 feet of Lot 15, and all of Lots 13 and 14, Block 1, original townsite of Alice, Jim Wells County, Texas, which property was taken by defendant under said contract as $65,000.00 of the total consideration to be paid by plaintiffs to defendant for said lands of defendant, the total consideration paid to defendant being $167,751.00 for said defendant's lands in Cameron County, Texas."

Paragraph 9 alleges appellees' loss by reason of the false representations of defendant and specifically alleges plaintiffs' loss of their property in Jim Wells County, and further alleged that the Cameron County property is not of the value that defendant represented it to be.

Paragraph 10 alleges plaintiffs' excusable lack of knowledge of the false representations due to the nature of the facts fraudulently stated by defendant, and further alleges that plaintiffs' first knowledge of the true conditions was discovered by them after they had hired an expert to ascertain the true situation as to the land.

Paragraph 11 alleges the value of plaintiffs' property situated in Jim Wells County, its alleged value being $65,000 at the time fraud was practiced on them by defendant whereby they were induced to make conveyance.

Paragraph 12 sets out in detail the fraudulent facts represented to plaintiffs by defendant with respect to the suitability of defendant's land for farming and further alleged the true value of defendant's land as being $22,350.

Paragraph 13 alleges the costs incurred by plaintiffs in determining the true nature of defendant's land and alleged the sum to be $12,000.

Paragraph 14 alleged substantially that plaintiffs have made two offers, one by registered letter, and a further offer to rescind the entire transaction and return the parties back to the status they occupied before the exchange took place. This para-

graph ends with plaintiffs' prayer for damages of $157,401, or in the alternative, reconveyance by defendant of plaintiffs' land situated in Jim Wells County, plus cash damages of $92,401, and in either case for exemplary damages and for such other relief, general and special, as plaintiffs may be entitled to.

It is our view that the allegations in the plaintiffs' original petition state certain acts of fraud practiced upon appellees by appellant, which caused appellees to convey certain pieces of real estate in Jim Wells County, the county where appellees seek to maintain venue, in exchange for certain real property of appellant, located not in Jim Wells County. The petition clearly shows that plaintiffs relied on certain fraudulent representations made by appellant in respect to the real property of appellant which appellees took in exchange for their real property located in Jim Wells County. The pleading alleged further that appellees were damaged by these fraudulent representations and that appellees have made an offer of rescission to the appellant and have requested that the parties, by agreement, put themselves back in the status they occupied before the culmination of the transaction. In the prayer appellees pray alternatively for damages or reconveyance, cancellation of certain vendor's lien notes given appellant as part of the consideration, plus damages in the event of reconveyance, which damages would in effect make appellees whole again. The petition concludes with a special prayer for special and general relief.

■ It is our view that the mere fact that appellees' petition seeks additional relief is immaterial. See 43B Tex.Jur., sec. 26 et seq., p. 141; also Joy v. Joy, Tex.Civ. App., 254 S.W.2d 810 (no writ history); Alston v. Harmon, Tex.Civ.App., 261 S.W. 2d 199 (no writ history).

■ It is true that appellees do not contend that this is a suit to remove encumbrance, but it is one to recover title and quiet same, and the principle is applicable to this case. Even though direct and technical allegations of trespass to try title are not present in appellees' petition, we think that the primary purpose as shown by allegations of fraudulent inducement, reliance, loss of property situated in Jim Wells County, an offer of rescission, an alternative prayer for reconveyance and a general prayer, show clearly a case in which appellees would, on proper proof, be entitled to recover the Jim Wells County land. See Galindo v. Garcia, Tex.Civ.App., 222 S.W. 2d 477 (no writ history) and cases there collated; White v. Texas Motor Car & Supply Co., Tex.Com.App., 228 S.W. 138 (no writ history); Jones v. Ford, Tex.Civ. App., 118 S.W.2d 333 (no writ history) and cases there collated. Finally, it is well settled that in order to maintain venue in a county not that of plaintiff's residence, the defendant must show under subdivision 14 of Art. 1995, supra, that (1) the suit is for the recovery of land, and (2) that the land or a part thereof lies in the county in which plaintiff seeks to retain venue. It is our view that appellees' pleadings and the stipulations bring their cause of action within the foregoing rule, and that they have carried their burden on controverting appellant's plea of privilege. See Cox v. Chapa, Tex.Civ.App., 188 S.W.2d 217 (no writ history); Imle v. Brill, Tex.Civ.App., 234 S.W.2d 288 (no writ history); Cree v. Cluck, Tex.Civ.App., 246 S.W.2d 337 (no writ history); Nolen v. Harding, Tex.Civ. App., 235 S.W. 687 (no writ history); Cowden v. Cowden, 143 Tex. 446, 186 S.W. 2d 69, 71. Finally, it is our view that appellees have brought themselves within the doctrine announced by our Supreme Court in Cowden v. Cowden, supra, and so far as we know the Supreme Court has not seen fit to change the doctrine there announced. In fact, our Supreme Court denied application for writ of mandamus in Rogers v. Scaling, Tex.Civ.App.Fort Worth, 285 S.W. 2d 259 grounded on the doctrine announced in Cowden v. Cowden.

Accordingly, the judgment overruling plea of privilege is in all things sustained.