**H. C. MINTON, Appellant,**

v.

**George W. STEWART, Appellee.**

**No. 3698.**

Court of Civil Appeals of Texas.

Eastland.

June 8, 1962.

Rehearing Denied Sept. 7, 1962.

Joseph A. Chandler, Stephenville, for appellant.

Sam Russell, C. O. McMillan, Stephenville, for appellee.

WALTER, Justice.

This is a venue case. George W. Stewart filed suit against H. C. Minton seeking to establish an express or constructive trust and to foreclose an equitable lien on land in Erath County. Minton filed a plea of privilege. Plaintiff controverted the plea and alleged that the District Court of Erath County had venue under Subdivisions 12 and 14 of Article 1995, Vernon's Ann.Civ.St. The court overruled the plea of privilege.

Stewart has appealed contending the court erred because the plaintiff failed to show his suit was one to establish an express or a constructive trust on land located in Erath County or that his suit was one to foreclose an equitable lien on land in Erath County. He also contends the land was not properly described.

The parties will be referred to as they were in the trial court. The plaintiff had the burden of establishing, under Subdivision 14, that his suit was for the recovery of land and that the land was located in Erath County. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69. The court in Calvert v. Greene, Tex.Civ.App., 326 S.W.2d 592 (No Writ History), said: "The controlling factor is not that plaintiff has title, as disclosed by the facts, but that by his allegations he claims title."

We have concluded that the nature of the plaintiff's cause of action, as disclosed by his petition, is one for the recovery of an interest in land.

As shown by plaintiff's petition, he and the defendant agreed to purchase some land in 1950. The defendant was to furnish the money and title was to be taken in his name and the plaintiff was to furnish his services. They would both own an interest in the land. Land was thereafter purchased in Erath County by the plaintiff and the defendant furnished the money and title to said land was taken in his name. The plaintiff located the land and performed all of the services incident to purchasing it. Their land was stocked with cattle and goats and thereafter the stock was sold and a settlement made on their business venture on everything except the land.

We have concluded that the plaintiff has alleged facts which are sufficient to create a constructive trust. The legal rights resulting from the allegations revealed that the plaintiff and the defendant were engaged in a joint adventure. Plaintiff pleaded "that he is seeking to retain all profits and advantages from the joint adventure and to reap an unconscionable and unjust enrichment of himself; that he has abused and is abusing the trust and confidence this Plaintiff has placed in him; that it constitutes the basis for and gives rise to a constructive trust in the land herein described in favor of this Plaintiff. * * * that in equity this Plaintiff is entitled to a ⅓ interest in the 1295 acres described herein, which interest the Defendant is holding in trust for this Plaintiff, and this Plaintiff sues the Defendant herein for a ⅓ interest in said land described, and for a partition of said interest to him." Our Supreme Court in Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401, said:

"A constructive trust does not, like an express trust, arise because of a manifestation of intention to create it. It is imposed by law because the person holding the title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property. It is used, among other things, to adjust rights of partners. The same basic rules, in situations such as we have here, apply to joint venturers."

Plaintiff's testimony and the record show that the land is located in Erath County.

The plaintiff alleged, in the alternative, that he had rendered valuable services before and after the purchase of the land and that he had paid for the drafting and recording of the deeds and for the documentary stamps placed thereon. He alleged that a part of the land was assessed in his name for one or two years and he paid the taxes for these years out of his own funds. He alleged that his wife and boy worked on the land and that he had paid for some of the improvements out of his own funds. The plaintiff contends that because he paid taxes on the property and paid for some of the improvements out of his own funds he is entitled to an equitable lien on the land, which he seeks to foreclose. "An equitable lien has the nature of, or is analogous to, a trust and really grows out

of the doctrine of constructive trusts." 53 C.J.S. Liens § 1, p. 832.

We have concluded that the plaintiff has pleaded facts which show that his suit is also one to establish and foreclose an equitable lien on land in Erath County and the court had venue under Subdivision 12 of Article 1995, V.A.C.S.

We have examined all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.