EDD COWDEN V. JETT COWDEN.

No. A-408. Decided March 7, 1945.
Rehearing overruled April 4, 1945.
(186 S. W., 2d Series, 69.)

*Klapproth & Hamilton* and *R. W. Hamilton*, all of Midland, for appellant, Edd Cowden.

*McGee & Tilley*, of Forth Worth, *Stubbeman, McRae & Sealy*, of Midland, and *Vinson, Elkins, Weems & Francis*, of Houston, for appellee.

MR. JUDGE BREWSTER, of the Commission of Appeals, delivered the opinion for the Court.

This case is here on certified questions from the Court of Civil Appeals at El Paso, where it is pending on appeal from an order of the district court of Midland County sustaining a plea of privilege, with Edd Cowden as appellant and Jett Cowden as appellee.

Appellant sued appellee and Mr. and Mrs. J. W. Baker in the district court of Midland County in trespass to try title to recover the title and possession of 240 acres of land in Midland County and five sections in Ector County as well as a mineral interest in part of the Ector county land. He alleged unlawful entry upon an undivided one-half interest in the Midland county land by appellee and the Bakers and damages in the sum of $6,200.00. He alleged unlawful entry upon the Ector County lands only by appellee, and damages in the sum of $250,000.00. He alleged the annual rental value of an undivided one-half interest in the Midland County land was $500.00 and that the annual value value of the Ector County land, including the mineral interest, was $7,200.00. His prayer was for title and possession and for damages and rents. He further alleged, generally, that the community property rights of himself and appellee had never been adjudicated and prayed that the court determine those rights and enter judgment accordingly.

Appellee filed a disclaimer asserting "that she neither owns, claims nor asserts any right, title, interest or right of possession in or to" the Midland County land.

Then she filed a plea of privilege alleging that because of the disclaimer the only property as to which title and possession under trespass to try title are involved is the land in Ector County; hence that no exception to exclusive venue under Art. 1995, R. S., 1925, applies, and the venue of the cause as to her should be transferred "to the court or courts having jurisdiction thereof."

Appellant controverted on the ground that his suit was for title and possession and damages to lands a part of which was situated in Midland County, within the meaning of exception 14 to Art. 1995, supra.

Appellee then amended her plea of privilege alleging that appellant had no interest or title in the Midland County land because it had come to her as her separate estate and she, joined by appellant, then her husband, had deeded it to the defendant J. W. Baker before this suit was filed. She alleged that appellant, therefore, had sued for the Midland County land falsely and fraudulently for the purpose of fixing venue in that county. She prayed that the cause be transferred to the district court of Travis County, where she lived, or, in the alternative, to the district court of Ector County.

Appellant denied these allegations, in proper form, by an amended controverting plea.

Appellee having abandoned her alternative plea to be sued in Ector County, the trial court ordered the cause, in so far as it involved a controversy between appellant and appellee, transferred to the district court of Travis County.

At the request of appellant the trial court filed findings of fact and conclusions of law. He found that appellant's cause of action was in trespass to try title and for damages and involved the title and possession of lands lying in Midland and Ector counties; that prior to the filing of this suit the Midland County land had been conveyed to appellee as her separate property and that she, joined by appellant, then her husband, had conveyed it to defendant J. W. Baker; that, therefore, only the defendants Baker were asserting title to it; that only appellee was asserting title to the Ector County land; and that the controversy as relating to land lying in Midland and Ector counties is severable. In response to the request of appellant for additional findings, the trial court found that appellant, "in filing and instituting this suit in the District Court of Midland County, Texas, did not allege the ownership of lands in Midland County, Texas, for the fraudulent purpose of fixing venue in the District Court of Midland County, Texas, but made such allegations and instituted such suit in Midland County in good faith."

The court of civil appeals reversed the judgment of the trial court and ordered judgment rendered overruling the plea of privilege. Then, as the certificate recites, "On motion for rehearing appellee cited the case of Martin v. Robinson, 67 Texas 368, (3 S. W. 550). We do not, of course, deem our proposed

holding to conflict with that case, but it has raised doubts in our minds as to the correctness of our disposition of this appeal. In view of the fact that our jurisdiction is final in this matter, and that some of the questions posed by this appeal seem to be of first impression, we are certifying the following questions:

"No. 1: Did we err in holding that plaintiff Edd Cowden, having sued defendant Jett Cowden and two others for the title and possession of a tract of land in Midland County and Jett Cowden alone for another tract of land in Ector County, the claim of title to each tract being separate and distinct, that venue as to Mrs. Cowden was properly laid in Midland County as to each tract as against her plea of privilege to be sued in Travis County, where she resided at all relevant times?

"Our construction of Sec. 14, Article 1995, being that it provided for such venue in either county.

"No. 2: As recited in the opinion, contemporaneously with the filing of her plea of privilege, Mrs. Cowden filed a disclaimer in the cause as to the Midland County lands. Plaintiff's petition claimed damages as to such land for eviction and the withholding of possession. The evidence strongly tended to show that both Mr. and Mrs. Cowden had deeded all interest that either had in the Midland County land to defendant Jeff Baker. Did we err in holding that, despite the disclaimer, venue was maintained in Midland County as to each tract?

"In the event question No. 1 is deemed not to present an untimate issue in the case, we respectfully request that the facts recited in connection with No. 2 be considered as an additional factual basis for No. 1.

"No. 3: If question No. 1 or question No. 2 be answered in the affirmative, then we desire to submit questions A and B.

"A: Should we have directed the trial court to retain jurisdiction as to the suit insofar as damages for eviction and withholding possession of the Midland County land were sought against Mrs. Cowden and for the purpose of entering judgment on the disclaimer?

"B: Did we err in reversing the judgment of the trial court transferring the suit to Travis County as to the title and possession of the Ector County land?

"No. 4: Did we err in reversing the judgment of the trial court transferring the cause to Travis County insofar as plaintiff sought as against Mrs. Cowden to establish and have de-

clared a community interest in certain undescribed lands and certain unspecified personal property?

"No. 5: In the event question 1 or 2 be answered in the affirmative, should the trial court have acceded to the request, or any part thereof, of plaintiff that the cause be transferred to Ector County."

■ What a plaintiff must allege and prove in order to maintain his suit in a county other than that of defendant's domicile, over the latter's proper protest, have been denominated "venue facts" and defined as "those which are stated in the particular exception of Article 1995 that is applicable or appropriate to that character of suit alleged in plaintiff's petition." Compton v. Elliott, 126 Texas, 232, 237, 88 S. W. (2d) 91.

■ Applicable provisions of exception 14 which appellant invokes to maintain his suit in Midland County are: "Suits for the recovery of lands or damages thereto * * * must be brought in the county in which the land, or a part thereof, may lie." So the venue facts he had to establish were but two, namely, (1) that his was a suit for recovery of land and for damages thereto and (2) that a part of the land lay in Midland County. "What more proof should plaintiff be required to make in order to maintain venue than that his action is clearly one of trespass to try title * * * and that the land is situated in the county where suit is filed? Nothing short of proof of these facts would hold the venue, and we can conceive of nothing more as being required." Higginbotham-Bailey-Logan Co. v. Hancock et ux. (Civ. App.), 4 S. W. (2d) 583. Appellant's pleadings showed that he was suing to recover lands and for damages thereto. The proof showed that a part of the land was situated in Midland County. Therefore, as to the part so situated, he had done all that the law required him to do to defeat the plea of privilege.

■ But it is urged that he had no title in the Midland County land and that his allegations in that regard were fraudulently made to confer jurisdiction on the district court of that county. The issue of fraud passed out of the case with the trial court's express finding that he made his allegations of ownership of the land in Midland County and instituted this suit there in good faith, hence the facts as to whether he owned the land became immaterial upon the issue of proper venue of this suit. He was not obliged to establish title in the venue hearing. Stuart et al v. Herman et al. (Civ. App.), 157 S. W. (2d) 939; Smith v. Mitchell (Civ. App.), 161 S. W. (2d) 591.

■ This raises the question of the effect of the disclaimer, under the holding in Martin v. Robinson, referred to in the certificate.

As the word itself suggests, a disclaimer can affect only the *rights* of a defendant in the subject matter of the suit. It cannot affect *liabilities* asserted against him therein. As stated by a standard authority, "A defendant cannot, by a disclaimer, deprive the plaintiff of the right of requiring a full answer from him, unless it is evident, that the defendant ought not, after such disclaimer, to be retained as a party to the suit. For a plantiff may have a right to answer notwithstanding a disclaimer; and in such a case the defendant cannot shelter himself from answering by alleging that he has no interest. Although he has no interest, others may have an interest in it against him. He may be deeply accountable; and the very statement that he is deeply accountable may, in one sense, be an allegation that he has an interest in the suit. A man cannot disclaim his liability." Story's Equity Pleadings (9th Ed.), Sec. 840, p. 631. "It is the defendant, and not the plaintiff, that is concluded by disclaimer." Hansen v. Holland et ux (Civ. App.), 65 S. W. (2d) 510, (er. ref.).

Appellant was asserting that appellee had taken possession of the Midland County land and that as a consequence she had damaged the land and owed him rents. In other words, he was asserting, to that extent, her accountability or liability to him, which was something she could not waive or disclaim. Rights involved which she could disclaim were title and right of possession. Liabilities in issue which she could not disclaim were the fact of possession and rents and damages resulting therefrom. So, in Bexar County v. Vought, 91 Texas, 285, 43 S. W. 14, wherein the plaintiff sought only recovery of the land, the defendant disclaimed and the only issue left was the adjudication of costs, this court said, "It is a well established rule in this court that a defendant in an action of trespass to try title, who does not desire to contest the title of the plaintiff, may obsolve himself from the payment of costs by entering a disclaimer as to the land for which suit is brought, provided the plaintiff sees fit to prosecute the matter no further and accepts the disclaimer. The plaintiff may however recover his costs by establishing that the defendant had trespassed upon the land." It is said in Williams et al v. Neill (Civ. App.), 152 S. W., 693, that a disclaiming defendant goes out of the suit, "unless, in addition to the land, it is sought to recover damages." And in Galbraith et al v. Howard et al (Civ. App.), 32 S. W. 803 (er. ref.), it is held that the filing of a disclaimer

does not absolve a defendant from his liability for rents not barred by limitation. In discussing the nature and effect of the disclaimer, Justice Gaines said that it is neither an answer nor a defensive plea. "It is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on part of the defendant. If, therefore, a defendant in the action of trespass to try title should plead not guilty, and at the same time should file a disclaimer as to the entire tract of land sued for by the plaintiff, it would seem that the plea should be disregarded and that the plaintiff should have judgment for the land, unless damages were claimed, in which case it would put him upon proof of the trespass only." Herring v. Smith, 84 Texas, 523, 19 S. W., 774.

We think these authorities are sufficient to show the distinction between the case at bar and Martin v. Robinson, supra, as to the effect of the disclaimer. In that case the plaintiff sought only title and possession. If the defendants had any rights as to title and possession they could waive them, which they did by filing their disclaimer. Here appellant seeks also damages and rents, which are constituent elements of a cause of action in trespass to try title. Art. 7366, R. S., 1925. As to appellee they were liabilities, so they were unaffected by the disclaimer and appellant's cause of action as to lands in Midland County survived it, and the trial court should have retained jurisdiction in so far as the case involved that land.

But as to his cause of action in respect to land in Ector County, Martin v. Robinson, supra, cannot be distinguished and we think it controls this case.

■ Appellant's petition discloses and the certificates states that he sued appellee and two other defendants for an undivided one-half interest in certain Midland County land, claim of title to which was separate and distinct from that asserted in the Ector County land as against appellee alone. Under such circumstances can venue be maintained in Midland County as to both tracts under the theory that part of the land sued for lies in that county? Concluding with his last paragraph as a quotation from Martin v. Robinson, supra, an eminent author says:

"Some complications have arisen over the provision as to part of the land, and the cases are not entirely clear as to the proper practice.

"Where all the land is one tract through which a county line runs, and all the defendants are interested in or have possession of all the land, the case is simple. Venue may be laid in either county. Where all the land is one tract and it is divided by a county line, and the trespassers in the different counties are not the same persons and have no connection with each other, it seems that the venue would be in either county. All such persons are proper parties in the one suit and may be joined.

"*But a different rule applies when the tracts are distinct and separate and the defendants reside in different counties.* (Italics ours.)

" 'The fact that the plaintiffs rely upon the same facts for the recovery of three distinct tracts of land, can not entitle them to maintain this action for land situated in three counties and in no way connected, in the county in which one of the tracts is situated, unless such defendants as only claim in other counties have waived their rights to be sued only in the county in which the land they claim is situated.' " Townes' Texas Pleading (2nd Ed.), p. 327.

Therefore, although appellant is entitled to maintain his suit in Midland County as to the land lying in that county, he cannot, by joining therewith a claim to land lying in Ector County, invoke exception 14 to deprive appellee of her right under Art. 1995, supra, to be sued in the county of her residence as to such other land when the two tracts are wholly independent of each other both as to physical connection and as to title. Certainly neither of the tracts could reasonably be said to be a "part" of the other. Of course, appellant could have filed suit in Ector County as to the land lying in that county, but he did not elect to do so. He chose Midland County and if he cannot maintain it in that forum under exception 14, the general rule announced in Art. 1995 fixes the formum for him. Turnstill v. Scott, 138 Texas 425, 160 S. W. (2d) 65, and authorities there cited.

We answer questions Nos. 1, 2, 3A, 3B and 4 "yes" and question No. 5 "no."

Opinion adopted by the Supreme Court March 7, 1945.

Rehearing overruled April 4, 1945.