## GALINDO et al. v. GARCIA et al.

### No. 11931.

Court of Civil Appeals of Texas.
San Antonio.

April 6, 1949.

Rehearing Denied April 27, 1949.

On Motion to Certify May 25, 1949.

478

Lloyd & Lloyd, Alice, for appellants.

Perkins & Floyd, Alice, for appellees.

NORVELL, Justice.

This is an appeal from an order sustaining a plea of privilege and transferring this cause from Duval County, where the suit was filed, to Jim Hogg County, where the land involved is situated.

Exception No. 14 of Article 1995, Vernon's Ann.Civ.Stats., which is relied upon to support the order, provides that: "Lands—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."·

The plaintiff below and appellant here is Fidela Garcia Galindo, a resident of Brooks County. The appellees (defendants below) are Adolfo Garcia, a resident of Brooks County, and Manuel Garcia, a resident of Duval County.

Adolfo Garcia filed a plea of privilege asserting that Exception No. 14 controlled the venue of the case and that the same should be transferred to Jim Hogg County, where the land is situated.

Manuel Garcia, although a resident of Duval County, filed a similar plea. These pleas of privilege were controverted by the appellant and the case was tried upon an amended controverting affidavit which adopted an amended petition as part of the affidavit. It was contended in· the controverting affidavit that venue could be maintained in Duval County under Exception No. 7, fraud, and also because of the residence of Manuel Garcia in Duval County and the provisions of Exception No. 29a of Article 1995.

■ The nature of appellant's suit controls the disposition of this appeal and this matter is determined by the allegations of the amended petition. Tennessee Gas & Transmission Co. v. Heard, Tex.Civ. App., 190 S.W.2d 518.

The appellant alleges that her father, Daniel Garcia, died intestate in Brooks County on July 27, 1944, leaving her as his sole heir at law; that prior to his death Adolfo Garcia and Manuel Garcia, his brothers, wrongfully and fraudulently induced him to execute a deed conveying to them approximately 291.15 acres of land in Jim Hogg County, Texas. The amended petition asserted that the deed was supported by no consideration and that its execution was induced by the willful, wrongful and fraudulent acts and representations of the appellees.

It was also alleged that appellees had received rents from the tract of land described in the deed, amounting to the sum of $2,000, for which they should be required to account. Appellant's prayer was that "she have judgment setting aside and holding for naught the aforesaid deed, for rents collected by the defendants, for costs of suit and for such other and further relief, special and general, in law and in equity, to which plaintiff may prove herself justly entitled."

It will therefore be seen that if upon final hearing appellant is successful in proving the allegations of her petition and shows that she is the sole heir at law of Daniel Garcia; that he died intestate and that the appellees fraudulently induced the execution of the deed, the proper decree would be one cancelling the deed from Daniel Garcia to Adolfo Garcia and Manuel Garcia. As a result, appellant's title to the property as her father's sole heir would be cleared of the incumbrance or cloud cast upon it by the purported conveyance to the appellees.

In the case of Jones v. Ford, Tex.Civ. App. 337, 118 S.W.2d 333, the Fort Worth Court of Civil Appeals in dealing with a similar fact situation, said: "We think the trial court properly construed appellants' petition as contained in their controverting plea, to be one which directly involves the title to land situated in Marion County, Texas. When the deed, allegedly procured by fraud, was placed of record in Marion County, appellants' title was clouded as alleged by them; it became an incumbrance upon their title; they alleged it was such as to prevent, hinder and delay sales and leases of it. Their suit is to cancel the deeds and leases and for general relief both in law and equity. The cancellation of such instrument by a court of competent jurisdiction would have the legal effect to remove the cloud and incumbrance from the title to their lands. This could be decreed by the court under the prayer for general relief, whether there was a specific prayer therefor or not. These observations are supported by an opinion written by Justice Martin, then of the Amarillo Court in Great Southern Life Ins. Co. v. Williams, Tex.Civ.App., 77 S.W.2d 900."

In the last case cited Judge Martin said [77 S.W.2d 901]: "The district court of Moore County, therefore, under subdivision 14, supra, had venue of a suit to cancel at least this portion of the purported lien. Fidelity Union Fire Ins. Co. et al. v. First Nat. Bank, Tex.Civ.App., 18 S.W. 2d 800; Pioneer Savings & Loan Co. v. Peck, 20 Tex.Civ.App. 111, 49 S.W. 160; Liles v. McDonald, Tex.Civ.App., 63 S.W.

2d 886. It will be noted that the quoted prayer from appellees' petition did not ask for this specific relief. There was a prayer for general relief. The allegations of appellees' petition entitle them, if established by evidence, to a partial cancellation of said lien, and these, coupled with their prayer for general relief, meet the requirements of the law. A case believed to be exactly in point is Morrissey v. Jones, Tex.Civ. App., 24 S.W.2d 1101, 1102. From it we quote: 'As said in Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, 276, 47 Am. St.Rep. 107: "The facts upon which the right arises are alleged in the answer, and there is a prayer for general relief, which was sufficient to entitle Cheeves to whatever the law would accord him upon the alleged facts." To the same effect are Zadick v. Schafer, 77 Tex. 501, 14 S.W. 153; Silberberg v. Pearson, 75 Tex. 287, 12 S.W. 850; Garvin v. Hall, 83 Tex. 295, 18 S.W. 731; Coleman v. First Nat. Bank, 17 Tex.Civ.App. 132, 43 S.W. 938, affirmed in 94 Tex. 605, 63 S.W. 867, 86 Am.St.Rep. 871.' "

In Liles v. McDonald, Tex.Civ.App., 63 S.W.2d 886, Judge Alexander, speaking for the Waco Court of Civil Appeals, said:

"Since the purpose of the action was to cancel the mineral deed and to remove cloud from the title to land, the suit came clearly within the meaning of said subdivision 14. Thomason v. Ham, Tex.Civ. App., 210 S.W. 561; Stemmons v. Matthai, Tex.Civ.App., 227 S.W. 364; Texas Company v. Tankersley, Tex.Civ.App., 229 S.W. 672; Koch v. Roedenbeck, Tex.Civ.App., 259 S.W. 328. There was evidence that the deed in question had been procured by fraud committed in McLennan county. The question arises, therefore, which of said subdivisions, 7 or 14, should control.

"It will be noted that subdivision 7 of said article 1995 provides that suit for fraud 'may' be brought in the county where the fraud was committed, whereas subdivision 14 of the same article provides that suits for the recovery of land, or to remove incumbrances from the title to land 'must' be brought in the county where the land may lie. It has been held that

the language used in subdivision 14 excludes the venue in any other county than that named in such exception whenever a proper plea of privilege is urged. In other words, the language used in subdivision 7, being permissive only, is controlled by the mandatory and exclusive terms of subdivision 14 whenever the purpose of the suit is within the purview of that subdivision and a proper plea of privilege is urged. Mitchell v. Porter Tex.Civ.App., 194 S.W. 981, par. 1; Weeks v. De Young, Tex.Civ.App., 290 S.W. 852, 854; Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 4 S.W. 2d 995, par. 3."

■ Upon the basis of the above cited authorities we hold that a suit by a grantor in a deed or those holding under him, seeking to set aside and cancel a deed, is properly regarded as a suit to remove an incumbrance or cloud upon the title to land and is within the purview of exception No. 14 of Article 1995. Said exception No. 14, because of its mandatory and exclusive wording, controls the venue of this case.

The order appealed from is affirmed.

## On Motion to Certify a Question to the Supreme Court.

■ Appellants have filed a motion to certify a question to the Supreme Court. Rule 465, T. R. C. P. The basis of the motion is an alleged conflict of decisions. We decline to certify the suggested question, and overrule the motion for the reasons stated by us in J. A. & E. D. Transport Co. v. Rusin, 202 S.W.2d 693, loc. cit. 702.