Yrene WOODWORTH, Appellant,

v.

Carlos G. ROGERS et al., Appellees.

No. 14088.

Court of Civil Appeals of Texas.

San Antonio.

April 17, 1963.

Rehearing Denied May 15, 1963.

Perkins, Floyd, Davis & Oden, Sam H. Burris, Alice, for appellant.

Turpin, Kerr, Smith & Dyer, Midland, Lloyd, Lloyd & Dean, Alice, for appellees.

BARROW, Justice.

This is an appeal from an order sustaining a plea of privilege and transferring the cause from Jim Wells County, where the suit was filed, to Duval County, where the land involved is situated. The question presented is whether the primary cause of action alleged by plaintiff is for specific performance of a contract to require defendants to execute a mineral lease, or is one involving land within the provisions of Subd. 14 of Art. 1995, Vernon's Ann.Civ. Stats. This mandatory exception provides that:

> "Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Appellant, a resident of Jim Wells County, filed this suit against Carlos G. Rogers and wife, Elvira G. Rogers, William J. Lesko, E. G. Lloyd, Jr., residents of Jim Wells County, Haynes & V. T. Drilling Company, a partnership with one partner a resident of Midland County, Texas, and the other an Indiana resident, and the Corpus Christi State National Bank, a Texas Corporation. All defendants except the Bank filed pleas of privilege asserting that

Subd. 14, supra, controlled the venue of the case and that the case should be transferred to Duval County. These pleas were duly controverted by appellant, who contended that this is a suit in personam and can be brought in the county of the residence of four of the defendants, under Subds. 4 and 29a of Art. 1995, Vernon's Ann.Civ.Stats.

■ The venue facts necessary to be proved under Subd. 14 are: (1) that the suit is one for title to real estate or damages thereto, or to remove incumbrances upon the title to land; and (2) that the land involved is situated in Duval County. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69. It was stipulated that the land is in Duval County, so the sole question here is the purpose of the suit. This question is determined by the allegations of the petition. Calvert v. Greene, Tex.Civ.App., 326 S.W. 2d 592; Galindo v. Garcia, Tex.Civ.App., 222 S.W.2d 477.

■ This suit grows out of a transaction on January 11, 1958, between appellant and appellees Carlos and Elvira Rogers. On that date appellant purchased from these appellees an undivided one-fourth royalty interest in the easternmost 128 acres out of the J. Poitevent Survey No. 273, which consists of a total of 640 acres. On that date the east 502 acres of the survey was leased to persons not parties to this suit. As part of the royalty conveyance, Rogers and wife executed an agreement to appellant, which agreement was to remain in force during the term of the royalty conveyance, and provided substantially as follows: As part of the consideration for the royalty conveyance, Rogers and wife agreed that they would not renew the existing mineral lease on the 502 acres, and upon its expiration would lease same to appellant for a primary term of five years at $1.00 per acre, upon the terms of a lease form which was signed by Rogers and wife for identification purposes and attached to the agreement. The concluding paragraph of the agreement provides that:

> "It is understood and agreed that this agreement shall constitute a covenant

running with the land so long as your royalty conveyance above mentioned remains in force and effect and that this agreement is binding upon the undersigned, their heirs and assigns and shall enure to your benefit and to the benefit of your heirs and assigns."

This agreement was duly acknowledged and recorded in the Oil Lease Records of the County Clerk of Duval County on January 14, 1958.

Appellant alleged that on February 23, 1962, Rogers and wife secured a release of the mineral lease referred to in the agreement of January 11, 1958, insofar as 200 acres of land out of Survey No. 273 are concerned. In breach of their agreement with appellant, Rogers and wife on March 5, 1962, executed a mineral lease to Lloyd, Trustee, who subsequently assigned it to Haynes, with a ⅛th reservation. Lloyd subsequently assigned half of his ⅛th reservation to Lesko, who then assigned his ⅟₃₂d to the Bank. Appellant alleged that at all times she was willing to carry out her part of the agreement but that Rogers and wife had not offered the lease to her. Appellant further alleged that all appellees had notice of her recorded rights under the agreement and asked that appellees be required to perform the agreement. Appellant alleged that the other lease and assignments thereof created a cloud on her title and asked that they be cancelled and held for naught.

Appellant asserts that the primary cause of action alleged by her is for specific performance of a contract to convey an interest in land, and therefore is a suit in personam and is not controlled by Subd. 14 of Art. 1995. Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441; Milburn v. Minette, Tex. Civ.App., 278 S.W.2d 269; Allison v. Yarborough, Tex.Civ.App., 228 S.W.2d 930. Rogers and wife have never executed a mineral lease, as provided for in their agreement of January 11, 1958. It is our opinion, however, that the allegations in appellant's petition established an equitable title in the lands, to bring this suit within the provisions of Subd. 14, supra.

In Stone v. Tigner, Tex.Civ.App., 165 S. W.2d 124, writ refused, suit was filed to enforce an option to purchase land, which option was given in connection with a grazing lease on the premises. The court held that the option of lessee ran with the land itself and thus it was not a collateral or personal contract between the parties. It is therefore significant in our case that the agreement was designated by Rogers and wife as a covenant running with the land and binding on all heirs and assigns.

Mecom v. Gallagher, Tex.Civ.App., 192 S.W.2d 804, writ refused, n. r. e., is a venue case involving an analgous question to that presented here. Mecom entered into a grazing lease with the Gutierrez heirs and a part of the lease contract gave Mecom the right to meet the terms of any offer of purchase which might be satisfactory to lessors. In violation of this agreement, the Gutierrez heirs sold the land to Gallagher without notice to Mecom. Mecom filed suit to enfore his contract agreement and the question presented was whether the suit was one for specific performance or came within Subd. 14 of the venue statute. The Court held that the option was not merely a collateral or personal contract between the parties thereto, but it evidenced a duly recorded right on the part of Mecom which ran with the land. "Consequently, if he exercised his option in accordance with the terms of the contract and tendered into the registry of the court the amount of the purchase price which appellees had paid to the owners, then it is quite clear to us that he thereby acquired an absolute, vested, equitable interest in and to the lands described in his petition and such interest so acquired was and is prior in right and superior in equity to any right, title or interest acquired or held by appellees." The Court then held that the petition evidenced a suit for the recovery of lands and to quiet title thereto and as such came strictly within the mandatory provisions of Subd. 14, Art. 1995.

The same rule was applied by this Court in Rudman v. Chandler, Tex.Civ.App., 255 S.W.2d 592, no writ history, where the pleadings asserted a suit for relief by way of specific performance or one for the determination of equitable title. It was there held that Subd. 14 controlled the venue, as the primary purpose of the suit was to establish plaintiff's equitable title. See also, Calvert v. Greene, Tex.Civ.App., 326 S.W. 2d 592, no writ history; Galindo v. Garcia, Tex.Civ.App., 222 S.W.2d 477, no writ history.

On applying the above rules to the petition filed here by appellant, it is seen that the primary purpose of appellant's suit is to establish her equitable title as evidenced by the covenant running with the land as the superior title and to remove any cloud upon same. Such a petition is within the mandatory provisions of Subd. 14 of the venue statute and the suit was properly transferred to Duval County, where the land is located, regardless of the residence of the defendants. Galindo v. Garcia, supra.

The judgment is affirmed.