Ed E. SAMMONS, Individually and as Independent Executor of the Estate of Mrs. Lee James, Deceased, Appellant,

v.

Gertrude O. Sammons MANNING et vir, Appellees.

No. 16711.

Court of Civil Appeals of Texas.

Fort Worth.

March 4, 1966.

Rehearing Denied April 1, 1966.

Earl Luna, Dallas, for appellant.

Sidney P. Chandler, Corpus Christi, for appellees.

RENFRO, Justice.

This is a venue case.

Plaintiff, Gertrude O. Sammons Manning, was a niece of Mrs. Lee James, deceased. Defendant, Ed E. Sammons, nephew of Mrs. James, was sued individually and as independent executor of the estate of Mrs. James.

The land in controversy is situated in Tarrant County and Mrs. James' will was probated in Tarrant County.

Defendant is a resident of Dallas County and filed his plea of privilege to have the case transferred to Dallas County.

The plea was overruled.

On appeal defendant contends no exception to the venue statute sustains the trial

court's judgment. Plaintiff contends venue was properly sustained in Tarrant County under subdivisions 6 and 14 of Art. 1995, Vernon's Ann.Tex.Civ.St.

Plaintiff's petition alleged that she "is the owner in fee title or by equitable title of a one-fourth (¼) undivided interest in all of the property owned by Mrs. Lee James, Deceased, at the time of her death, which property was and is situated in Tarrant County, Texas * * *."

It was alleged that on February 2, 1959, deceased made a purported will wherein she made a tentative disposition of her entire estate; thereafter Mrs. James called a meeting of relatives and expressed a desire that her estate be divided into four parts, plaintiff to receive a ¼ interest provided plaintiff agreed to use her interest to support her parents; plaintiff agreed; prior to November 16, 1960, Mrs. James summoned defendant Sammons and her attorney to visit her for the purpose of instructing them to write either a new will or a codicil carrying out the terms of the agreement; such instrument was prepared and exhibited to Mrs. James, who adopted same; Mrs. James died November 16, 1960; on November 18, 1960, defendant called a meeting of Mrs. James' relatives where it was "agreed by and between all of those present that the estate of Mrs. Lee James, the deceased, would be divided in accordance with her wishes and that it would be divided into four equal undivided portions, with * * * Gertrude O. Sammons Manning having a one-fourth (¼) undivided interest, and Ed E. Sammons having a one-fourth (¼) undivided interest"; defendant, by letter and written memorandum, did in writing confirm the agreement; from November 23, 1960, until May 5, 1964, defendant "recognized, acknowledged, confirmed and agreed that the Plaintiff Gertrude O. Sammons Manning was and is the owner of an undivided one-fourth (¼) interest in all of the estate of Mrs. Lee James, the deceased * * *"; that on May 5, 1964, defendant repudiated the title of plaintiff in the James property. Plaintiff prayed that the court enter a declaratory judgment that plaintiff "is and was the owner of an undivided one-fourth (¼) interest of all the estate of Mrs. Lee James, deceased, as of the 16th day of November, 1960 * * *."

Attached to and made a part of the petition were the inventory and appraisement filed by defendant, showing the land to be located in Tarrant County; a written acceptance of Mrs. James' offer by plaintiff; a letter dated November 23, 1960, from defendant to plaintiff, enclosing a copy of the memorandum prepared by Mrs. James' attorney, setting out her desire that, among other bequests, plaintiff was to receive an undivided ¼ of the estate. In the letter defendant stated he intended to carry out the request set out in the memorandum.

Plaintiff's controverting affidavit incorporated the petition and exhibits and swore the facts alleged and set out therein were true, and swore further that the suit was one to quiet the title to an interest in lands, or for the recovery of an interest in lands situated in Tarrant County.

Subdivision 14 of the venue statute provides that suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

The venue facts under this subdivision or exception are the location of the land and the nature of the suit as disclosed by the petition. Umbaugh v. Miers, 256 S.W.2d 660 (San Antonio Civ.App., 1953, no writ hist.).

In Woodworth v. Rogers, 367 S.W.2d 412 (San Antonio Civ.App., 1963, no writ hist.), it was held: "The venue facts necessary to be proved under Subd. 14 are: (1) that the suit is one for title to real estate or damages thereto, or to remove incumbrances upon the title to land; and (2) that the land involved is situated in Duval County. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69."

In the instant case the plaintiff introduced evidence showing the land to be in Tarrant County.

■ We hold that the pleadings were sufficient to show that plaintiff was claiming an equitable title to an undivided interest in the land. The equitable title pleaded by plaintiff presented a legal basis for an action for direct recovery of the undivided interest claimed by her. This characterizes her suit as one for the recovery of the land. Carstairs v. Bomar, 119 Tex. 364, 29 S.W.2d 334 (Tex.Com.App., 1930).

Whether the agreements made by the various parties as alleged, and heretofore summarized, were actually made and, if made, whether valid, are matters to be determined at the trial on the merits.

■ The venue inquiry under exception 14 is restricted to the nature or character of the suit, and is not directed to the question of whether or not a cause of action exists in fact. Cox v. Palacios, 188 S.W.2d 688 (San Antonio Civ.App., 1945, no writ hist.). In Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (Tex.Sup., 1945), the court held: "* * * the facts as to whether he owned the land became immaterial upon the issue of proper venue of this suit. He was not obliged to establish title in the venue hearing", citing Stuart et al. v. Herman et al., Tex.Civ.App., 157 S.W.2d 939, and Smith v. Mitchell, Tex. Civ.App., 161 S.W.2d 591.

Plaintiff introduced her petition, with attached exhibits, and her controverting plea, which, in our opinion, were sufficient to show that her suit was for recovery of an alleged interest in, and to remove cloud from title of, land which she owned, and she, by evidence, established the fact that the land was in Tarrant County.

Plaintiff proved, therefore, the venue facts necessary to show venue in Tarrant County within the contemplation of subdivision 14.

Judgment affirmed.