**Chester A. OEHLER, Appellant,**

v.

**T. W. IRICK et al., Appellees.**

**No. 16923.**

Court of Civil Appeals of Texas.

Fort Worth.

May 10, 1968.

Rehearing Denied June 14, 1968.

land by reason of Irick et al. destroying a 30 by 1100 foot strip of their land. We will refer to the Conway group as Conway, and the Irick group as Irick.

Irick, as cross-plaintiff, sued Conway. It was alleged that for seventy years the general public had used a public road separating the property of certain of the parties; that Irick has a right to use said road without interference; that Conway placed impassable obstructions in the road; plowed up the road and would not allow the road to be used; that cross-plaintiff had suffered considerable damage to their property.

They also asked injunctive relief.

At some point in the proceeding Chester A. Oehler, attorney for Conway's group, was made a party cross-defendant.

Oehler filed a plea of privilege to be sued in Dallas County, his residence. Subject to his plea of privilege, he filed a general denial.

Irick's controverting plea to the plea of privilege made the petition a part thereof; it was alleged Oehler, within the meaning of Exception 9 of Article 1995, Vernon's Ann.Civ.St., committed a crime and trespass upon an easement owned by Irick constituting injury and damage to lands and crops belonging to Irick; that the suit was for recovery of lands, damages to land and to remove encumbrances upon title to land and to quiet title to land, all lying wholly within Denton County, and therefore venue must be sustained in Denton County under Exception 14 of the Venue Statute.

Oehler's plea of privilege was overruled.

Oehler's six points of error, except for one technical point which we overrule, contend in substance that Irick neither plead nor proved facts sufficient to sustain venue in Denton County under any exception to Art. 1995.

Oehler did not testify at the plea of privilege hearing. Although represented by an attorney, Oehler did not attend the hearing.

Anderson, Scott & Zimmermann, and Chester A. Oehler, Dallas, for appellant.

Gerald E. Stockard, Denton, for appellees.

## OPINION

RENFRO, Justice.

In December, 1966, Conway and others sued Irick and others for damages to their

The only witness was T. W. Irick.

The pleading alleged that the road in question was a public road by prescriptive use, estoppel and various acts of dedication; that appellees owned at least the east 10 feet of the road in question; that appellees owned an easement over the entire 40 foot width of the roadway; the pleadings also alleged Oehler, with his clients, dug holes and placed obstructions in the road so as to make it unusable.

The witness, T. W. Irick, whose testimony was undisputed and uncontradicted, and who had known the roadway and adjoining land for fifty years, testified in support of the allegations. He testified: he saw Oehler put a post and obstructions in the middle of the road. On two occasions, one at least in court, he heard Oehler say he had placed the post in the road. Witness saw Oehler dig holes and plow up the roadway with his tractor. Picture exhibits corroborate his testimony that the road was rendered impassable. As a result of Oehler's actions, witness' farm has been greatly damaged.

The court did not file findings of fact, thus we must resolve every reasonable intendment in favor of the trial court's judgment.

■ Appellees, as abutting property owners, had a right to bring suit to keep a public roadway unobstructed. Webb, Texas Volunteer Fire Department v. English, 377 S.W.2d 237 (Tex.Civ.App., 1964, writ ref.).

■ The title to the easement of appellees in the roadway was put in issue by pleadings and evidence. The suit, involving title to the easement, which constitutes an interest in land, was properly filed and maintained in Denton County, where the land was located under Section 14 of Art. 1995. Carleton v. Dierks, 195 S.W.2d 834 (Tex.Civ.App., 1946, no writ hist.).

Further, the appellees claim a part of the damaged land was owned by one of the appellees, hence venue was properly in Denton County under Section 14.

Venue was also maintainable in Denton County under Section 9, as a trespass committed on appellees' land in Denton County. McDonald Texas Civil Practice, Vol. 1, p. 471, § 4.17.1.

The venue facts necessary to be proved under Sub. 14 are: (1) that the suit is one for title to real estate or damages thereto, or to remove encumbrances upon the title to land; and (2) that the land involved is situated in the county where the suit was brought. Sammons v. Manning, 400 S.W. 2d 787 (Tex.Civ.App., 1966, writ dism.); Woodworth v. Rogers, 367 S.W.2d 412 (Tex.Civ.App., 1963, no writ hist.); Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945).

The pleadings show a suit for damages to land. It was established conclusively that the land is wholly in Denton County.

■ The venue inquiry under Exception 14 is restricted to the nature or character of the suit, and is not directed to the question of whether or not a cause of action exists in fact. Cowden v. Cowden, supra; Cox v. Palacios, 188 S.W.2d 688 (Tex.Civ. App., 1945, no writ hist.); Smith v. Mitchell, 161 S.W.2d 591 (Tex.Civ.App., 1942, no writ hist.).

Appellant argues that all contentions and facts which could possibly be material to a cause of action against him were finally adjudicated in his favor by the Supreme Court in Ex Parte Conway, 419 S.W.2d 827 (1967).

The Supreme Court had before it a habeas corpus proceeding after the judge of the Denton County District Court had found the Conways guilty of contempt of court for violating an injunction. Appellant seizes upon the words "On February 7, the Conways and Chester Oehler, their attorney, went onto the disputed strip in the company of the County Surveyor in search of boundary markers and lines" in

the Supreme Court opinion as exonerating appellant of any and all acts of which he is charged in the lawsuit.

We see no application of that opinion whatever to the instant plea of privilege question.

First, because the court was considering a charge that appellants violated an injunction on a particular day, towit, February 7, and, second, there is not one word in this record that on the occasions Irick testified he saw appellant plowing up the road and the 10 foot strip allegedly belonging to the appellees and placing upright posts and railroad crossties across the entrance to the road, that he was "in search of boundary markers and lines."

All points of error are overruled.

Affirmed.