**Elton M. HYDER, Appellant,**

v.

**Lee R. KRAFT, Appellee.**

**No. 16931.**

Court of Civil Appeals of Texas.

Fort Worth.

May 31, 1968.

Rehearing Denied July 5, 1968.

Elton M. Hyder, McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, and Atwood McDonald, Fort Worth, for appellant.

Strasburger, Price, Kelton, Martin & Unis, and Royal H. Brin, Jr., Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

Plaintiff Elton M. Hyder and defendant Lee R. Kraft were neighbors and were interested in acquiring a parcel of land between their respective tracts. The land was purchased by the defendant and title taken in his name. He denied plaintiff's asserted interest and refused plaintiff's tendered consideration of one-half the purchase price.

Plaintiff brought suit against defendant. Defendant filed a plea of privilege and plaintiff controverted the plea, seeking to retain venue in the county where he had filed suit. The trial court's decree was for the defendant, ordering removal of the suit to the county of defendant's legal residence. Plaintiff appealed.

The state of plaintiff's pleadings considered as of the time of the trial below, in determination of the question of whether his suit could be retained in Tarrant County under Vernon's Ann.Tex.St.1995, "Venue", subdivision 14, "Lands", recited that "the deal executed by the defendant (his purchase of the realty) was in pursuance to said agreement (between plaintiff and defendant), and in accordance with the terms thereof."

█ It therefore appears that plaintiff is bound to the theory that he and the defendant had agreed that record title to the property would be taken in the name of the defendant, with the latter in turn to deliver an interest therein to plaintiff.

█ We are confined to consideration of the pleadings upon the material question. In determining whether plaintiff's action is one falling within the foregoing subdivision 14 the test is whether the agreement alleged was one in which title was to be taken in the name of both plaintiff and defendant, or was one in which title was to be taken in the name of defendant, with subsequent conveyance of an interest to plaintiff. In the first case the agreement vests a present interest in title to land in plaintiff and is a suit for land within the subdivision. In the second case it is a suit for breach of contract or specific performance and venue may not be retained in the county in which the land is situated by the force of the subdivision. Calvert v. Greene, 326 S.W.2d 592 (San Antonio, Tex.Civ. App.1959, no writ), and cases cited. See also Smith v. Hall, 147 Tex. 634, 219 S.W. 2d 441 (1949).

Judgment affirmed.

## DISSENT ON
## MOTION FOR REHEARING

RENFRO, Justice.

In plaintiff's petition he alleged that he and defendant made a verbal agreement under the terms of which "the parties hereto agreed to purchase the real property described in the attached Exhibit 'A', jointly, or in the words of the defendant 'together'."

Further, that defendant purchased the property in his own name and "holds same as trustee for the use and benefit of himself and plaintiff."

In his prayer he asked for adjudication of his title and partition of the property.

Under Sub. 14 of the venue statute, plaintiff was obligated to prove (1) the suit is one for title to real estate or damages thereto, or to remove encumbrances upon the title to the land; and (2) the land involved is in Tarrant County. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945).

The parties stipulated the land to be in Tarrant County.

The pleadings were sufficient to show that plaintiff was claiming an equitable title to a one-half interest in the land. This characterized his suit as one for the recovery of land. Carstairs v. Bomar, 119 Tex. 364, 29 S.W.2d 334 (Tex.Com.App., 1930).

In a similar suit we so held. Sammons v. Manning, 400 S.W.2d 787 (Tex.Civ.App., 1966, writ dism.).

Plaintiff was not obliged to establish title in the venue hearing.