PITT GRILL, INC., Appellant,

v.

David ALBERT, Appellee.

No. 17118.

Court of Civil Appeals of Texas.

Dallas.

Sept. 27, 1968.

Ben T. Warder, Jr., of Carter, Gallagher, Jones & Magee, Dallas, for appellant.

Wade Starr, of Goodstein, Erlanger & Starr, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Appeal from an order overruling appellant's plea of privilege. David Albert brought this action in Dallas County against Pitt Grill, Inc., a corporation, with home office in Beaumont, Jefferson County, Texas, seeking to recover damages resulting from a breach of a written lease agreement between the parties. Albert alleged in his petition that damages had accrued to him when Pitt Grill, Inc. failed and refused to pay for the cost of installing equipment within the demised premises. Albert said that appellant's obligation flowed from a written contract between the parties, a copy of same being attached to the petition and incorporated therein by reference. Appellant filed its plea of privilege seeking to have the case removed to Jefferson County. Appellee duly controverted the plea of privilege with a verified plea in which it was alleged that:

"Plaintiff filed herein, on the 4th day of October, 1967, a petition alleging that, on or about December 12, 1966 Plaintiff and Defendant entered into a written contract, a copy of which was marked Exhibit 'A' and attached to Plaintiff's Original Petition, and by reference made a part thereof as if copied verbatim therein. Such contract provided, among other things, as follows:

"24. A.—All rent and other payments required to be made by Tenant to Land-

lord hereunder shall be payable * * * in Dallas County, Texas."

Appellee contended that venue of the action was properly in Dallas County by virtue of Exception 5, Art. 1995, Vernon's Ann.Civ.St. of Texas. Furthermore, appellee alleged that appellant was a corporation and that it and appellee entered into the lease contract in Dallas, Dallas County, Texas, therefore venue was established in such county pursuant to Subdivision 23, Art. 1995, V.A.C.S.

On the date of the hearing of the plea appellant filed a supplemental answer in which it leveled special exceptions to the controverting plea. These exceptions were overruled and the trial court proceeded to hear the matter, without a jury, and thereafter overruled the plea of privilege.

## OPINION

In a barrage of points, thirteen in number, briefed and argued together, appellant inveighs against the judgment both as to law and fact.

■ Appellant argues that appellee's controverting affidavit failed to contain sufficient allegations of fact which would satisfy the requirements of the law relating to specific exceptions to the venue statute. It therefore says that the trial court erred in overruling its special exceptions directed to the sufficiency of the controverting affidavit. We cannot agree with appellant for several reasons, one of which will be discussed in connection with our disposition of other points. We think it sufficient to state that the special exceptions leveled by appellant were not sufficient, as a matter of law, to satisfy the requirements of Rule 91, Texas Rules of Civil Procedure, which requires that such exceptions should point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality or other insufficiency in the allegations excepted to. Appellant's special exceptions are broad and very general in their verbiage so that they do not specifi-

cally direct the trial court's attention to any particular defect, omission or insufficiency of the allegations contained in the controverting plea. We overrule appellant's points relating to pleadings. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983 (1945); Duncan v. Duncan, 300 S.W.2d 149 (Tex.Civ.App., Austin 1957, writ dism'd); and McDonald v. Peebles, 267 S.W.2d 476 (Tex.Civ.App., Austin 1954, no writ).

■ Aside from the question of the adequacy of the special exceptions we find, based upon an examination of the controverting affidavit, that same indeed contains sufficient allegations of venue facts to comply with the law. In the first place, appellee, in his controverting affidavit, alleges that he has brought the action for breach of a written lease agreement, same being attached to plaintiff's original petition and referred to as though fully copied. Appellant's plea of privilege does not contain any affirmative denial as required by Rule 93, T.R.C.P. This eliminated the necessity of proving the execution of the lease. The instrument sued upon, not being expressly denied and therefore admitted by appellant, contained the express provision that all rent and "other payments" required to be made shall be payable in Dallas County.

■ While it is true, as contended by appellant, that the court must look to the plea of privilege and controverting affidavit in determining the sufficiency of such venue facts, yet it is equally true, as long ago established by the Supreme Court in Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945), that all that a plaintiff must allege and prove in order to maintain a suit in a county other than that of defendant's domicile, over the latter's proper protest, is what is denominated "venue facts" which are said to be "those which are stated in the particular exception in article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition." Compton v. Elliott, 126 Tex. 232, 88

S.W.2d 91 (1935). In other words, it is not necessary for the plaintiff in an action to make the petition a part of his controverting affidavit, although this may be done by reference to and adoption of it. All that is required for the plaintiff is to allege in his controverting plea the "venue facts" which are applicable and which take the case from the general rule of venue. The trial court may look to the original petition in order to ascertain the nature of the suit. Vinson v. Horton, 207 S.W.2d 432 (Tex. Civ.App., Texarkana 1947, no writ); Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945).

■ Under Exception 5, Art. 1995, V.A. C.S., the necessary venue facts required to be alleged and proved by appellee are as follows: (1) An obligation in writing; (2) the execution of the contract by appellant; and (3) that the writing requires appellant to perform in Dallas County, Texas. An examination of the controverting affidavit reveals that all three of these necessary venue allegations are adequately contained therein.

■ Furthermore, as to Subdivision 23, Art. 1995, V.A.C.S., the essential venue facts necessary to be alleged were (a) that the defendant is a corporation and (b) that the cause of action or a part thereof arose in Dallas County. Appellee alleged all of these essential venue facts in his controverting affidavit. Accordingly, we overrule appellant's contentions concerning the insufficiency of appellee's controverting plea.

As to appellant's points assailing the insufficiency of proof of venue facts we have examined the statement of facts and find no merit to any of them.

■ As to Subdivision 5, it was incumbent upon appellee to prove the three elements of "venue facts" recited above. This he did by the introduction of the contract in question, the execution thereof not being denied by appellant. Appellee testified that the instrument was the one upon which the cause of action was based and it clearly contains an express provision relating to the payment of rent and "other payments" required to be made in Dallas County, Texas.

■ As to Subdivision 23, Art. 1995, V.A.C.S., appellee testified that when he received the contract it had already been signed by appellant and that he signed the same in Dallas County. The contract was therefore entered into in Dallas County. This, in our opinion, constitutes proof of the fact that the cause of action, or at least a part thereof, arose in Dallas County. National Furniture Mfg. Co. v. Center Plywood Co., 405 S.W.2d 115 (Tex.Civ. App., Tyler 1966, writ dism'd); Mercantile Securities Co. v. Taylor, 60 S.W.2d 1059 (Tex.Civ.App., Fort Worth 1933, no writ); Fidelity Mut. Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635 (1900); Farmers' State Bank v. Sullivan, 241 S.W. 727 (Tex.Civ. App., Beaumont 1922, no writ).

■ Nor do we agree with appellant when it argues that appellee was required to prove, at the hearing of the plea of privilege, that appellant breached the contract and the nature of the damages resulting therefrom. All that was required of appellee was to prove that appellant "contracted to perform" an obligation in Dallas County, Texas. Appellee was not required to establish a prima facie cause of action but only that he had brought suit on an obligation appellant had contracted in writing to perform in Dallas County, Texas. He satisfied this obligation by competent proof. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675 (1935); Tyson v. Seaport Grain, Inc., 388 S.W.2d 731 (Tex.Civ.App., Corpus Christi 1965); McKenzie Construction Co. v. Pittman, 288 S.W.2d 527 (Tex.Civ.App., San Antonio 1956, writ dism'd); Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942).

■ As to the proof under Subdivision 23, it was not incumbent upon appellee to

prove that appellant was a corporation since this fact had not been denied pursuant to Rule 93, T.R.C.P. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956). Neither was it required of appellee to prove a prima facie case of breach of agreement and nature of damages, the only requirement being to prove the fact that the contract was entered into between the parties in Dallas County. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675 (1935).

We have carefully examined all of appellant's points of error and find them to be lacking in merit and overrule same.

The judgment of the trial court is affirmed.