Jerry GRITZMAN, Appellant,

v.

E. F. HATFIELD, Appellee.

No. 17244.

Court of Civil Appeals of Texas.

Dallas.

Feb. 28, 1969.

Rehearing Denied March 21, 1969.

Leonard Howell, Midland, for appellant.

J. Glenn Turner, Jr., and James J. Hartnett, Dallas, for appellee.

DIXON, Chief Justice.

This is a venue case. In July 1968 appellee Hatfield filed suit in Dallas County, Texas, against appellant Gritzman, resident of Midland County, Texas. Appellant filed a plea of privilege, seeking to have the cause transferred to Midland County. Appellee controverted the plea, alleging that his suit is for title to land, therefore venue properly is in Dallas County pursuant to Art. 1995, Subdivision 14, Vernon's Ann. Civ.St., since the land lies in Dallas County. The court overruled appellant's plea of privilege.

Subdivision 14 of Art. 1995, V.A.C.S. provides that suits for the recovery of lands, or damages thereto, or to remove incumbrances on the title to land, or to quiet title to land, or to prevent or stay waste on lands, must be brought in the county where the land may lie.

This case is somewhat unique in that the parties have agreed that the pleadings are submitted as stipulated evidence.

Appellant rests his appeal on two points of error: (1) Appellee's pleadings fail to allege a cause of action that would bring the case under Exception 14, Art. 1995, V.A.C.S.; and (2) there is no evidence to establish that the suit came within said exception—that is, there is no evidence that the land lies in Dallas County.

■ The rule with reference to Subdivision 14 is that in order to maintain venue in the county where the land lies plaintiff must establish only two venue facts: (1) that the nature of his suit as determined by his petition comes within the terms of the subdivision; and (2) that the land in controversy lies in the county where suit is pending. Piazza v. Phillips et al., 153 Tex. 115, 264 S.W.2d 428 (1954); Cowden v. Cowden, 143 Tex. 446, 186 S.W. 2d 69, 71 (1945).

Appellee has alleged a cause of action which comes within the requirements of Subdivision 14. He pleads that in June 1963 he and appellant had an opportunity to purchase the land in controversy. Appellee paid the down payment of $1,000. Title was taken in the name of both appellant and appellee with the agreement that appellant would operate the property for the mutual benefit of both parties. The property was subject to a deed of trust lien in the sum of $11,444.44, and a vendor's lien of $22,745.83.

A short time thereafter, according to appellee's pleadings, appellant abandoned the property and gave his interest to appellee. At the time appellant told appellee, "I can't make it out here. I am just spinning my wheels. It will never pay off for two of us."

■ The petition recites that following appellant's abandonment of the property and his representation that he was giving his interest in the property to appellee the latter went into possession. Since then appellee has treated the property as his own. He has paid the debts incurred by appellant, has paid all taxes on the property, has made improvements thereon, has kept up all the payments on the notes and has continued to claim the property as his own. The prayer is consistent with the allegations in the petition: appellee asks judgment for title and possession of the property.

That appellee has pleaded the kind of action which comes within the terms of Subdivision 14 is supported by the following authorities: Carstairs v. Bomar, 119 Tex. 364, 29 S.W.2d 334 (Tex.Comm'n App. 1930, opinion adopted); Miller v. Dallas County et al., 158 S.W.2d 828, 830 (Tex. Civ.App., Dallas 1942, no writ); McGowen v. Montgomery, 248 S.W.2d 789 (Tex.Civ. App., Amarillo 1952, no writ); Minton v. Stewart, 359 S.W.2d 925 (Tex.Civ.App.,

Eastland 1962, writ ref'd n. r. e.) ; Sammons v. Manning, 400 S.W.2d 787 (Tex.Civ.App., Fort Worth 1966, writ ref'd n. r. e.).

The evidence discloses that the land in controversy lies in Dallas County. In appellee's petition the detailed description of the 1.135 acres in controversy contains this recitation: "All that lot, tract or parcel of land situated in the county of Dallas and State of Texas, to-wit:  *  *  *." Since the parties have agreed that the pleadings shall serve as stipulated evidence, there is no doubt that the second requirement of Subdivision 14 has been met.

Appellant did not file an answer to the merits. His only pleading is his plea of privilege. However in his brief he takes the position that appellee's suit is simply an action for a partnership accounting and for dissolution of a partnership, hence does not come within Subdivision 14. In support of his contention he relies on Miller v. Howell, 234 S.W.2d 925 (Tex.Civ.App., Fort Worth 1950, no writ).

Miller v. Howell, supra, is not in point. In it the plaintiff in his petition alleged a partnership which owned several pieces of real property. He asked for the appointment of an auditor; that Howell's estate account for all of the partnership assets and income; that the property then be partitioned between the parties; and that partnership be dissolved.

In the case now before us appellee Hatfield claims that he owns the whole tract of land. He does not ask for an accounting from appellant for the moneys expended by him, appellee, for taxes, improvements and payments on the mortgages. He says appellant long ago abandoned any claim to an interest in the property after giving to appellee whatever interest he may have had. In substance, appellee sues for and asks for judgment vesting equitable and legal title in him.

Appellant's two points of error are overruled.

The judgment of the trial court is affirmed.