**DEE EXPLORATION, INC., Appellant,**

v.

**Bill LIGHTSEY, Appellee.**

**No. C14–82–072CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 30, 1982.

Jay Siskind, Houston, for appellant.

Latham Boone, III, Anderson, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

Appellant, Dee Exploration, Inc., appeals from a judgment entered by the 12th Judicial District Court of Grimes County, Hon. Erwin G. Ernst, J., denying its plea of privilege and denying its motion to strike the controverting affidavit of appellee, Bill Lightsey. We affirm.

In August, 1978, appellee, a self-employed surveyor, residing in Grimes County, orally contracted with Gene Matejicek, chief of the Grimes County temporary crew office of the appellant, a geophysical company whose principal office is in Houston, Harris County, Texas. The issue to be resolved is whether an exception to the venue statute has been established.

Appellee worked continuously for the appellant between August and November, 1978, at which time appellant's employee told appellee that work had to stop temporarily (due to the deer season), but to be ready after the first of January, 1979. During the month of January, appellee turned down four offers to work for other companies, remaining idle, awaiting the call from appellant's employee to resume work on the balance of the contemplated 500 miles of work under the contract. Appellant's employee called appellee in early February, and work resumed shortly. Appellant (via appellant's employee) terminated the employment contract with appellee in March after the completion of 150 miles of surveying.

Appellee sued appellant in the District Court of Grimes County for breach of contract, allegedly for work on 500 miles. Appellant filed a plea of privilege, requesting to be sued in Harris County. Appellee timely filed a controverting affidavit, based on V.A.T.S. Art. 1995(23), seeking to sustain venue in Grimes County based on the fact that the contract was executed in Grimes County, and that appellant had an agent there. Appellant filed a motion to strike the controverting affidavit, alleging that it was defective in that:

1) it alleged no venue facts;

2) it did not show a cause of action existing, or if such cause existed, it was not in Grimes County; and

3) it did not show a principal-agency relationship between appellant and its employee.

At the venue hearing, appellant's president testified that appellant did not contract or guarantee 500 miles of work with appellee, and further, that appellant never has guaranteed a minimum amount of surveying work with any surveyor. In addition, appellant's president testified that appellant's Grimes County chief can terminate an employee for non-performance, and can hire temporary help, but that the hiring of a worker such as appellee requires approval from the Houston office.

V.A.T.S. Art. 1995(23) states an exception to the general rule that an appellant is entitled to be sued in the county of their residence, to wit:

> Suits against a private corporation, association, or joint stock company may be brought in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association, or company has an agency or representative in such county.

In *Pitt Grill v. Albert,* 432 S.W.2d 160 (1968), the Dallas Court of Civil Appeals held:

> ... The Court must look to the plea of privilege and controverting affidavit in determining the sufficiency of such venue facts, yet it is equally true as long ago established by the Supreme Court in *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945), that all that a plaintiff must allege and prove in order to maintain suit in a county other than that of the defendant's domicile, over the latter's proper protest, is what is denominated "venue facts" which are said to be those which are stated in the particular exception in article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935). In other words, it is not necessary for the plaintiff in an action to make the petition a part of his controverting affidavit, although this may be done by reference to and adoption of it... as to Subdivision 23, Art. 1995, V.A.C.S., the essential venue facts necessary to be alleged were (a) that the defendant is a corporation and (b) that the cause of action or a part thereof arose in Dallas County [the county where the action was venued.]

By a review of the appellant's controverting affidavit, it is clear that the requisites were met:

> Defendant (appellant) is a private corporation whose agent, Gene Matejicek, contracted with the plaintiff (appellee) for plaintiff's (appellee's) services, that such contract was made in Grimes County, Texas, and was subsequently breached by defendant (appellant), and that all time material hereto, the plaintiff (appellee) was a resident of Grimes County, Texas. That at the time of the contract and breach thereof, it is believed Gene Matejicek was defendant's agent in Grimes County, Texas.

Concerning the question of the situs of the cause of action, the Waco Court of Civil Appeals, in *Inwood National Bank v. First Bank and Trust of Bryan,* 485 S.W.2d 842 (1972), stated the well-settle rule:

> Subdivision 23, Article 1995 permits a corporation to be sued in any county in which the cause of action or a part thereof arose. This means either some part of the transaction creating the primary right, or some part of the transaction relating to the breach, must have occurred in the county in which suit was brought.

Furthermore, with respect to contracts, the same court, in *Brazos Electric Power Cooperative, Inc. v. McCullough,* 599 S.W.2d 357 (1980), held:

> ... under subdivision 23 of the venue statute, a suit against a private corporation may be brought in the county in which the cause of action or a part thereof arose. In a suit on breach of contract, the making of the contract is a part of the cause of action; and under subdivision 23 a suit against a corporation for breach of contract may be maintained in the county where the contract was made."

In an examination of the record of the venue hearing, the fact becomes clear that the execution of the contract took place in Grimes County, as it was there that appellee and appellant's employee made their agreement, and at no time did appellee have any direct contact with the Houston office of the appellant. What is critical is the fact that, even if we assume that appellee was the offeror, acceptance by the offeree (appellant) had to be communicated to the offeror, and this was done solely through its employee in Grimes County.

Thus, the contract execution took place in Grimes County, satisfying the subdivision 23 requirement.

Furthermore, venue is sustained by the showing that appellant had a agent in Grimes County. The issue of agency, as it relates to venue, has been widely discussed in the legal history of Texas. The Texas Supreme Court, in *Milligan v. Southern Express,* 151 Tex. 315, 250 S.W.2d 194 (1952), stated:

> . . . the statute refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county . . .

The Dallas Court of Civil Appeals, in *Shamrock Oil and Gas Corporation v. Todd,* 166 S.W.2d 766 (1942), interpreted it thusly:

> In the various cases relating to venue of actions and construction of "agency or representative," as used in subsections 23 and 27, Art. 1995, the term has reference to one who is subject to control of the corporation and authorized to act on its behalf in promoting the corporate affairs and purposes. (cases cited).

This same appellate court, nine years later, further outlined the now-settled view on this question:

> The term "agency or representative" as employed in subdivision 23, is used interchangeably. Each relates to commercial or business transactions, something to do with the corporate affairs of the principal other than matters of manual or mechanical execution. The term connotes some discretionary power conferred upon such employee. The essential distinction between agency or representative, and .a mere employee or servant, as contemplated by the subdivision of the venue statute, is that the agent or representative is engaged by his principal to perform a contractual relationship with discretion binding on his principal and third party; whilst an employee or servant has no such power. *Brazos River Transmission Electric Cooperative, Inc. v. Vilbig,* 244 S.W.2d 266 (1951).

From an examination of the facts presented in the venue hearing, it becomes clear that, in fact, the appellant's employee was its agent in Grimes County. The agent, Gene Matejicek, lived in Anderson and was chief of the appellant's office in Navasota, both of which locations are in Grimes County. Furthermore, the appellant's president testified that Matejicek did possess discretionary powers to hire and fire employees in the Grimes County office, and to make contacts with surveyors (even though the president also testified that the type of contract that applied to the appellee required Houston office approval). This agency question is not what is excluded by the meaning of the venue statute: the office in Navasota was not one that had no permanence to it, and the appellant's agent, Matejicek, did not perform simply manual, mechanical tasks ordered by the Houston office. In fact, the agent did carry out widely discretionary functions in behalf of its principal, and it was very reasonable for persons in in Grimes County to expect that the agent's actions were binding the principal.

The judgment of the trial court is affirmed.